**ORAL ARGUMENT REQUESTED**

07-MC-00030-M

FILED ____ ENTERED
LODGED ____ RECEIVED

MAR 08 2007  DB

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

L.G. PHILIPS LCD CO., LTD,

          Plaintiff,

    v.

TATUNG COMPANY, TATUNG
COMPANY OF AMERICA, INC.,
and VIEWSONIC CORPORATION,

          Defendants.

MS07-0030 RSM

DEFENDANTS TATUNG COMPANY
AND TATUNG COMPANY OF
AMERICA, INC.'S MOTION FOR A
PROTECTIVE ORDER LIMITING
SCOPE OF THIRD PARTY
DEPOSITION AND SUBPOENA AND
REQUEST FOR EXPEDITED
HEARING

**NOTED FOR HEARING:**
**March 19, 2007, 9:00 a.m.**

**FRCP 26(C) CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, counsel for

Defendants Tatung Company and Tatung Company of America, Inc. certify that they

conferred in good faith with counsel for plaintiff L.G. Philips LCD Co., Ltd. to resolve this

dispute prior to filing this motion and were unsuccessful.

**BASIS FOR EMERGENCY HEARING**

This Motion for Protective Order Limiting Scope of Third Party Deposition and

Subpoena (the "Motion for Protective Order") concerns a deposition notice and third-party

MOT. FOR PROT. ORDER LIMITING SCOPE
OF 3RD PARTY DEPOSITION & SUBPOENA &
REQ. FOR EXPEDITED HEARING – Page 1

**YARMUTH WILSDON CALFO PLLC**

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

1  subpoena issued in this district in connection with a patent infringement lawsuit pending in

2  the United States District Court for the District of Delaware (the "Delaware Action").

3       Defendants respectfully request an expedited hearing and briefing schedule on the

4  Motion for Protective Order for the following reasons:

5  • Discovery cut-off in the Delaware Action is set for March 30, 2007.

6  • Fully aware of the impending discovery cut-off date, Plaintiff waited until the last

7      minute to serve 23 separate third-party subpoenas and deposition notices, issued out

8      of 15 different judicial districts, throughout the country starting in mid-February

9      2007.

10 • On February 27, 2007, Defendants requested that Plaintiff meet and confer about the

11     scope of discovery demanded by Plaintiff in those 23 third-party subpoenas and

12     deposition notices. Following Defendants' February 27, 2007 request, Plaintiff

13     agreed to meet and confer on March 5, 2007.

14 • During the March 5, 2007 meet and confer, Plaintiff refused to limit the scope of the

15     third-party subpoenas and deposition notices in any meaningful way.

16 • Plaintiff's subpoenas demand production of documents by March 5, 2007, and its

17     deposition notices set depositions for March 12, 2007 through March 28, 2007.

18     Because of Plaintiff's last-minute discovery tactics and its failure to meaningfully

19     meet and confer with Defendants, an emergency hearing is necessary to resolve

20     these discovery issues in a timely manner. Pursuant thereto, Defendants

21     respectfully request an emergency hearing.

## I.    INTRODUCTION

23      Defendants Tatung Company and Tatung Company of America (collectively, "the

24 Tatung Defendants") submit this Memorandum of Points and Authorities in support of their

25 Motion for Protective Order Limiting Scope of Third Party Deposition and Subpoena (the

26 "Motion for Protective Order"). The Motion for Protective Order seeks to limit the scope

MOT. FOR PROT. ORDER LIMITING SCOPE
OF 3RD PARTY DEPOSITION & SUBPOENA &
REQ. FOR EXPEDITED HEARING – Page 2

1   of a subpoena and deposition notice served on third-party Amazon.com, Inc.

2   ("Amazon.com").

3        This Motion for Protective Order concerns a deposition notice and third-party

4   subpoena issued in this district in connection with a patent infringement lawsuit pending in

5   the United States District Court for the District of Delaware (the "Delaware Action," C.A.

6   No. 04-343-JJF). For the reasons discussed in greater detail below, the Tatung Defendants'

7   request for a protective order should be granted because the discovery sought by Plaintiff

8   L.G. Philips LCD Co., Ltd. ("LPL") is:

9        1.    A transparent and improper effort by LPL to perform an "end run" around a

10   potentially unfavorable ruling by the Special Master in the Delaware Action concerning the

11   proper scope of LPL's discovery, namely, the Special Master's impending ruling on LPL's

12   motion to compel discovery pertaining to *unaccused* products from the Tatung Defendants

13   and the Tatung Defendants' motion to stay discovery regarding *unaccused* products

14   pending resolution of issues relating to LPL's and its attorneys' violations of Protective

15   Orders in cases pending between the parties;

16        2.    Irrelevant in that it seeks extremely broad categories of communications and

17   information from the Tatung Defendants' customers entirely unrelated to the patents-in-suit

18   or the accused products in the Delaware Action;

19        3.    Not reasonably calculated to lead to the discovery of admissible evidence in

20   the Delaware Action, but instead, is information about the Tatung Defendants' confidential

21   business communications and trade secret information that LPL seeks for ulterior and

22   improper purposes; and

23        4.    Unduly burdensome in that the third-party discovery Plaintiff seeks from

24   Amazon.com and the Tatung Defendants' other customers will require the production of

25   thousands of documents and is calculated to harass the Tatung Defendants' customers,

26

MOT. FOR PROT. ORDER LIMITING SCOPE
OF 3RD PARTY DEPOSITION & SUBPOENA &
REQ. FOR EXPEDITED HEARING – Page 3

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1  some of whom have already responded to subpoenas issued by LPL during jurisdictional

2  discovery.

## II.    STATEMENT OF FACTS

### A.    The Nature Of This Lawsuit.

Defendant Tatung sells electronic products including computer monitors and

televisions to resellers and retailers worldwide. Defendant Tatung Company of America, a

California corporation, is a reseller of computer monitors and other LCD applications in the

United States. The Tatung Defendants also perform OEM (Original Equipment

Manufacturer) services for a number of customers. LPL and its parent company, LG

Electronics, Inc. ("LGE"), compete with the Tatung Defendants in the market of flat display

panel products (e.g., LCD monitors, LCD televisions and plasma televisions).

Third-party Amazon.com, the recipient of LPL's subpoena and deposition notice, is

located in Seattle, Washington and is a customer of the Tatung Defendants.

The Tatung Defendants integrate more than 800 models of computer monitors and

flat panel display products, referred to collectively as "visual display products." As OEMs,

many of the Tatung Defendants' products are branded and otherwise customer specific; in

most instances, the products are made to exacting customer specifications. Because the

monitor business is highly competitive, the particular product design requirements and

specifications of the Tatung Defendants' OEM customers, including those of Amazon.com,

are extremely valuable trade secrets. The Tatung Defendants' specific pricing

arrangements with customers also are extremely valuable trade secrets.

LPL commenced the Delaware Action against the Tatung Defendants on May 27,

2004. In the Delaware Action, LPL has alleged patent infringement claims against the

Tatung Defendants based on certain "rear-mount" patents with respect to 20 of its products.

The discovery cut-off date in the Delaware Action is March 30, 2007.

//

MOT. FOR PROT. ORDER LIMITING SCOPE
OF 3RD PARTY DEPOSITION & SUBPOENA &
REQ. FOR EXPEDITED HEARING – Page 4

**B.    The Tatung Defendants Have Already Provided LPL With Voluminous
Discovery Relating to Both Its Accused and Non-Accused Products.**

LPL served its initial discovery requests in the Delaware Action over two years ago.
In response to those discovery requests, the Tatung Defendants produced technical
specifications and assembly drawings covering approximately 800 models of monitors and
flat panel displays they sell.  Until November 2006, LPL had accused only one Tatung
product of infringing the patents-in-suit.  In November 2006, LPL identified two additional
accused products.  It was not until mid-January 2007 that LPL accused the remaining
products.

The Tatung Defendants have expended a great deal of effort to comply with their
discovery obligations.  Since late January 2007 alone, the Tatung Defendants have
produced approximately 15,000 pages of highly confidential documents, including
product work instructions, exploded view drawings of products, and sales summaries from
2002 to the present (quarter 1, 2007) containing model, price, and quantity information for
*all* of its visual display products; and

In addition, the Tatung Defendants have made available for LPL's inspection, and
LPL has examined, disassembled, and photographed more than 40 monitor and television
products.  Of the hundreds of products for which LPL has been provided technical
documents, LPL to date has accused only 20 products of infringing the patents-in-suit.

**C.    LPL's Motion To Compel Further Customer Information Is Pending Before
the Special Master.**

In January 2007, LPL filed a motion to compel the production of additional
documents such as highly confidential agreements and communications between the Tatung
Defendants and their customers relating to *all* of the Tatung Defendants' visual display
products including the hundreds of unaccused products.  The Tatung Defendants vigorously
opposed that motion on the grounds that LPL's requested discovery is not limited in any
way to the accused products at issue in the Delaware Action and is instead a transparent

MOT. FOR PROT. ORDER LIMITING SCOPE
OF 3RD PARTY DEPOSITION & SUBPOENA &
REQ. FOR EXPEDITED HEARING – Page 5

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516 3888

1  attempt by LPL to obtain highly sensitive business information. That motion is presently

2  pending before the Special Master. The parties expect a decision shortly, as discovery cut-

3  off is March 30, 2007.

4  **D.   LPL Now Seeks the Same Discovery Directly From the Tatung Defendants'**
   **Customers.**

5  

6  In what can only be characterized as a blatant attempt to circumvent a potentially

   unfavorable ruling by the Special Master on a motion LPL itself filed, LPL recently served

7  Amazon.com, as well as two dozen other customers of the Tatung Defendants, with a

8  subpoena and deposition notice seeking voluminous discovery about highly confidential

9  customer information on hundreds of products that LPL has *never accused of infringement.*

10 *See* Exhibit 1.

11 LPL's extensive and broad-reaching requests for discovery regarding "visual

12 display products" encompass *all* of the products the Tatung Defendants sell to Amazon.com

13 and not just the accused products that are the subject of the Delaware Action. To date, LPL

14 has failed to provide any legitimate explanation why information on *unaccused* products is

15 relevant to its patent infringement claims in the Delaware Action.

16 **III.   LEGAL ARGUMENT**

17 **A.   The Tatung Defendants Have Standing Under FRCP 26(c) To Move For A**
   **Protective Order.**

18 

19 Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP") provides that "[u]pon

20 motion *by a party* or by the person from whom discovery is sought, accompanied by a

21 certification that the movant has in good faith conferred...and for good cause shown... the

22 court in the district where the deposition is to be taken may make any order which justice

23 requires to protect a party or person..." (emphasis added). Ninth Circuit courts have

24 recognized that this language gives parties to a lawsuit, as well as third-parties themselves,

25 standing to challenge third-party subpoenas. *See Portland Gen. Elec. Co. v. U.S. Bank*

26 *Trust Nat'l Assoc.*, 38 F. Supp. 2d 1202, 1206 n. 3 (D. Or. 1999), *rev'd on other grounds,*

MOT. FOR PROT. ORDER LIMITING SCOPE
OF 3RD PARTY DEPOSITION & SUBPOENA &
REQ. FOR EXPEDITED HEARING  – Page 6

**YARMUTH WILSDON CALFO PLLC**
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

1    218 F.3d 1085 (9th Cir. 2000) (noting that FRCP 26(c) "expressly gives" a party standing

2    to challenge third party subpoenas); *see also, In re Ashworth, Inc. Securities Litigation,*

3    2002 WL 33009225 at * 1 (S.D. Cal. 2002) (finding that under FRCP 26, defendants have

4    standing to seek a protective order in connection with a third party subpoena); *Springbook*

5    *Lenders v. Northwestern Nat'l Ins. Co.,* 121 F.R.D. 679, 680 (N.D. Cal. 1988) (citing FRCP

6    26(c) for the proposition that "[Defendant] does have standing to object to [Plaintiff's]

7    subpoena of a third party").

8        In meet and confer discussions, LPL has asserted that the Tatung Defendants do not

9    have standing to object to the information sought from third parties.  LPL is mistaken and

10    references inapposite authority.[1]

11        Based on the above, the Tatung Defendants, as parties to the Delaware Action,

12    clearly have standing to seek a protective order against LPL's attempts to obtain extremely

13    broad and irrelevant discovery from third-parties.

14        The Tatung Defendants do claim that the topics and documents requested impinge

15    on their trade secrets and other confidential proprietary information.

16    //

---

[1]        For example, LPL will likely cite *Dart Industries, Inc. v. Liquid Nitrogen Processing* for the proposition that "unless a party to an action can make claim to some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty witness, the party to the action has no right to relief under FRCP 45(b) or 30(b)." 50 F.R.D. 286, 291 (D. Del. 1970), *quoting Shepherd v. Castle,* 20 F.R.D. 184, 188 (W.D.Mo. 1957).

    *Dart Industries* is inapposite for two reasons. First, that case involved a party's motion to *quash a third party subpoena under FRCP 45(b);* here, the Tatung Defendants move for a *protective order pursuant to FRCP 26(c),* which expressly grants parties standing to move the court to limit the scope of, or altogether preclude certain issues from, third party discovery.[1]  FRCP 26(c)(4), 26(c)(7). The Tatung Defendants have chosen not to quash under FRCP 45(b) because they agree that LPL may seek *relevant and appropriate* discovery from third parties; FRCP 26(c) is the more appropriate mechanism to strike a balance between allowing open discovery and ensuring that such discovery is fairly tailored to the accused products.

    Second, unlike the Tatung Defendants, the moving party in *Dart Industries* did not assert any personal privilege with respect to the requested documents. 50 F.R.D. at 291. In fact, the court expressly "decline[d] to hold that Dart lacks standing to move to quash the subpoena duces tecum on the grounds stated in FRCP 45(b)," averring that Dart's interest "*may be sufficient* to give it standing to move to limit the production sought here." *Id.,* emphasis added.

MOT. FOR PROT. ORDER LIMITING SCOPE
OF 3RD PARTY DEPOSITION & SUBPOENA &
REQ. FOR EXPEDITED HEARING – Page 7

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

**B.    Good Cause Supports The Issuance of A Protective Order.**

    **1.    Legal Standard Governing The Issuance Of Protective Orders.**

Pursuant to Federal Rule of Civil Procedure 26(c), "upon a showing of good cause," the Court may issue a protective order precluding or limiting the scope of discovery in order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. *See, e.g., Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 178 (N.D. Ill. 2006); *see also, Pulsecard, Inc. v. Discover Card Services, Inc.*, 1995 WL 526533 at *14 (D. Kan. 1995). The protective order may include limiting the scope of discovery to certain matters, precluding altogether the discovery of certain matters, and ordering that a trade secret or other confidential research, development, or commercial information not be revealed. Fed R. Civ Proc. 26(c)(4), 26(c)(7).

In the context of Federal Rule of Civil Procedure 26(c)(7) specifically, "good cause" requires the party seeking the protective order to demonstrate that: (1) the material sought to be protected is confidential, and (2) disclosure will create a competitive advantage for the party. *Pulsecard*, 1995 WL 526533 at * 16, *citing Georgia Television Co. v. TV News Clips of Atlanta*, 718 F. Supp. 939, 953 (N.D. Ga. 1989).

    **2.    The Requested Discovery Seeks Overly Broad Categories Of Communications and Information Completely Unrelated To Claims At Issue in The Delaware Action.**

A protective order is appropriate because LPL's third-party discovery requests are overly broad and seek information that is not relevant to its claims, nor the Tatung Defendants' defenses, in the Delaware Action. Instead, LPL seeks to obtain, through the guise of "discovery," sensitive and confidential information relating to the Tatung Defendant's business operations that would help LPL gain a competitive advantage.

"[D]iscovery may not be had regarding a matter which is not 'relevant to the subject matter involved in the pending action.'" *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990). Moreover, "[e]*ven if relevant*, discovery is not permitted

MOT. FOR PROT. ORDER LIMITING SCOPE OF 3RD PARTY DEPOSITION & SUBPOENA & REQ. FOR EXPEDITED HEARING – Page 8

**YARMUTH WILSDON CALFO PLLC**
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

1    where no need is shown, or compliance would be unduly burdensome, or where harm to the

2    person outweighs the need of the person seeking discovery of the information." *Id; see*

3    *also, American Standard, Inc. v. Pfizer Inc.*, 828 F.2d 734, 739-42 (Fed. Cir. 1987).

4        In this regard, the case of *Joy Technologies, Inc. v. Flakt, Inc.*, 772 F. Supp. 842 (D.

5    Del. 1991) is instructive, and presents a nearly identical situation to that found here. In *Joy*

6    *Technologies*, the defendant sought a protective order preventing plaintiff from seeking

7    discovery from *any of the defendant's customers or potential customers* until plaintiff made

8    a showing that the information: (a) was necessary and relevant to the action, and (b) could

9    not be obtained from any other source. *Id.* at 845. The court granted the requested

10   protective order, stating:

11       "[I]t is undisputed that [plaintiff] and [defendant] are fierce competitors in
         the technology that is the subject of this lawsuit, and [plaintiff] has not
12       convinced the Court that the same information it seeks from third parties is
         not available from [defendant]. Therefore, unless [plaintiff] can demonstrate
13       that it has a specific need for evidence available only from third party
         customers of [defendant], the Court concludes that [defendant] and its
14       customers are entitled to protection."

15   *Id.* at 849.

16       Similarly, in *Micro Motion, supra*, the plaintiff sought to obtain information from a

17   nonparty competitor that was purportedly relevant to the issue of damages in the underlying

18   patent suit. The court held that the plaintiff was embarking on a "fishing expedition" with

19   its "merely speculative inquiries in the guise of relevant discovery." 894 F.2d at 1327-28,

20   *see also Visto Corp. v. Smartner Info. Systems, Ltd.*, 2007 WL 218771 at * 5 (N.D. Cal.

21   2007) (granting protective order such that third party did not have to respond to the

22   subpoena).

23       Here, LPL's discovery requests to Amazon.com seek broad categories of documents

24   and information concerning both accused and *unaccused* products that also are not limited

25   as to time period. Such overly broad discovery requests encompass documents and

26   information that, in reality, have nothing to do with the pending Delaware Action. Instead,

MOT. FOR PROT. ORDER LIMITING SCOPE
OF 3RD PARTY DEPOSITION & SUBPOENA &
REQ. FOR EXPEDITED HEARING – Page 9

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

1   it is readily apparent that LPL seeks to obtain such information about the Tatung

2   Defendants to obtain a competitive advantage over them.

3       It also should be noted that the Tatung Defendants do not seek to prevent LPL from

4   obtaining all third-party discovery being requested in its subpoena and deposition notice.

5   Rather, such third-party discovery should focus on deposition topics and documents

6   *pertaining to the accused products* at issue in the Delaware Action.

### 3.    The Requested Discovery Seeks Confidential Business Information To Which LPL Would Not Otherwise Be Entitled.

8       A protective order also is appropriate because LPL's subpoena and deposition

9   notice seeks disclosure of confidential, proprietary trade secret information belonging to the

10  Tatung Defendants.  Such confidential commercial information warrants special protection

11  under Rule 26(c)(7).  *Micro Motion,* 894 F.2d at 1323, *citing Smith & Wesson v. United*

12  *States,* 782 F.2d 1074, 1082 (1st Cir. 1986).

13      The Tatung Defendants and LPL are active competitors in the computer monitor

14  business.  Declaration of Jackson Chang ("Chang Decl.") at ¶ 2.  Producing the information

15  and testimony LPL seeks would cause major competitive harm to the Tatung Defendants.

16  Chang Decl. at ¶ 3.  As just one example, LPL designates as a deposition topic:  "The

17  scope, nature, and purpose of communications between Amazon.com and [the Tatung

18  Defendants] (a) concerning the sale or marketing... of 'visual display products'

19  manufactured or assembled in whole or in part by or for [the Tatung Defendants]... and (c)

20  communications regarding the market trends for 'visual display products' in the United

21  States."  Another deposition topic concerns purchase "agreements or contracts," "directly or

22  indirectly" between Amazon.com.com and the Tatung Defendants.  These topics are closely

23  guarded by the Tatung Defendants as highly sensitive and confidential business

24  information.  *Id.* at ¶ 4.  The Tatung Defendants' information regarding market trends for its

25  visual display products, for example, is not disclosed publicly; divulging this information

26  would likely result in competitors using the information to 1) undercut the Tatung

MOT. FOR PROT. ORDER LIMITING SCOPE
OF 3RD PARTY DEPOSITION & SUBPOENA &
REQ. FOR EXPEDITED HEARING – Page 10

**YARMUTH WILSDON CALFO PLLC**
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

Defendants in pricing; 2) deduce the exact specifications required by existing customers; and/or 3) specifically target and lure away Tatung's existing customers. *Id.* at ¶ 7. All of this information is kept secret by the Tatung Defendants. Only authorized personnel have access to the information and information kept on computers are password protected. *Id.* at ¶ 6. The product specifications and features required or purchased by each customer, including Amazon.com, constitute competitive value and maintaining the confidentiality of such information is essential to the fair conduct of this litigation.

### 4. LPL's Discovery Is Unduly Burdensome And Is Intended to Harass The Tatung Defendants' Customers.

Ordering compliance with LPL's subpoena would pose an undue and unnecessary burden and expense on non-party Amazon.com to gather and produce such information and defend depositions in the requested time frame, particularly given the utter irrelevance of the majority of requested documents and testimony.

The Tatung Defendants respectfully submit that LPL's discovery requests have been interposed solely to harass Amazon.com and aggravate the business relationship between the Tatung Defendants and their customers.

## IV.    CONCLUSION

To be clear, the Tatung Defendants do not contest LPL's right to seek discovery from Amazon.com. They submit, however, that discovery obtained from third-parties must be *relevant* to this litigation and serve a legitimate purpose. Here, LPL's overly broad and improper requests do not serve such purposes. Accordingly, the Tatung Defendants

//

//

//

//

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1    respectfully request that the Court issue a protective order limiting discovery from

2    Amazon.com to deposition testimony and documents relating to the accused products.

3

          DATED: March 8, 2007.            **YARMUTH WILSDON CALFO PLLC**

4

                                     By: _____

5                                      Stacie Foster, WSBA #23397

                                     The IDX Tower

6                                      925 Fourth Avenue, Suite 2500

                                     Seattle, WA 98104

7                                      Phone: (206) 516-3800

                                     Fax:   (206) 516-3888

8

                                     *Of Counsel:*

9

                                     **GREENBERG TRAURIG LLP**

10

                                     Frank E. Meredith, Jr.

11                                      Valerie W. Ho

                                     Mark H. Krietzman

12                                      Steve P. Hassid

                                     2450 Colorado Avenue, Suite 400E

13                                      Santa Monica, CA 90404

14                                      **RICHARDS LAYTON & FINGER, PA**

15                                      Frederick L. Cottrell, III

                                     Anne Shea Gaza

16                                      One Rodney Square

                                     P.O. Box 551

17                                      Wilmington, DE 19899

18                                      Attorneys for Defendant Tatung Company and

                                     Tatung Company of America

19

20

21

22

23

24

25

26

MOT. FOR PROT. ORDER LIMITING SCOPE
OF 3RD PARTY DEPOSITION & SUBPOENA &
REQ. FOR EXPEDITED HEARING – Page 12

471.01 hc084803 3/8/07

**YARMUTH WILSDON CALFO PLLC**
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

                     Plaintiff,

          v.

TATUNG COMPANY, et al.,

                     Defendants.

Civil Action No. 04-343 (JJF)

## NOTICE OF FED.R.CIV.P. 30(b)(6) DEPOSITION *DUCES TECUM* AND FED.R.CIV.P. 45 SERVICE OF SUBPOENA (AMAZON.COM, INC.)

TO:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

PLEASE TAKE NOTICE that Plaintiff will take the deposition *duces tecum* of

Amazon.com, Inc.. ("Amazon") pursuant to Fed. R. Civ. P. 30(b)(6), on March 23, 2007. The

deposition will take place at Bank of America Tower, 701 Fifth Avenue, Suite 6630, Seattle WA

981. The deposition will be videotaped and taken before a notary public or court reporter, duly

authorized to administer oaths and transcribe the testimony of the deponent(s) and may use technology that permits the real time display of the deposition transcript for attendees who bring a compatible computer. The deposition may continue from day to day until completed if authorized by the Court or stipulated by the parties.

PLEASE ALSO TAKE NOTICE that LG.Philips LCD Co., Ltd. is serving Amazon with a subpoena (the "Subpoena"), a copy of which is attached hereto. The subjects covered in the deposition will include (but are not limited to) the subjects listed on Attachment A to the Subpoena. Pursuant to Fed. R. Civ. P. 30(b)(6), Amazon is required to designate one or more persons to testify at the deposition as to the matters known or reasonably available to Amazon concerning all topics listed in Attachment A to the Subpoena. In addition, the Subpoena requires Amazon to produce at the deposition the documents listed in Attachment B to the Subpoena.

You are invited to attend and cross examine.

February 13, 2007

                                    THE BAYARD FIRM

                                    /s/ Richard D. Kirk (rk0922)
                                    Richard D. Kirk
                                    Ashley B. Stitzer
                                    222 Delaware Avenue, Suite 900
                                    P.O. Box 25130
                                    Wilmington, DE 19899-5130
OF COUNSEL:                         rkirk@bayardfirm.com
Gaspare J. Bono                     (302) 655-5000
Matthew T. Bailey                   Counsel for Plaintiff
Lora A. Brzezynski                  LG.PHILIPS LCD CO., LTD.
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

OAO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD.<br>V.<br>TATUNG COMPANY, et al. | **SUBPOENA IN A CIVIL CASE** |

Case Number:[1]   04-343 (JJF)

TO:   **Amazon.com, Inc.**
**1200 12th Avenue, Suite 1200**
**Seattle, WA  98114**

United States District Court for the District of Delaware

X   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

X   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. (See Attachment A for topics.)

| PLACE OF DEPOSITION<br>Esq. Deposition Services, Bank of America Tower, 701 Fifth Ave, Ste 6630, Seattle WA 98104 | DATE AND TIME<br>March 23, 2007 at 9:00 am. |
|---|---|

X   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): All documents listed in Attachment B.

| PLACE<br>Mail documents to: McKenna Long & Aldridge LLP, Attn:  Shari Klevens<br>c/o Esquire Deposition Services, Bank of America Tower, 701 Fifth Avenue, Ste 6630, Seattle<br>WA 98104 | DATE AND TIME<br>March 5, 2007 at 9:00 a.m. |
|---|---|

G   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER=S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR<br>Shari Klevens (Attorney for Plaintiff) *SK Levens* | DATE<br>February 13, 2007 |
|---|---|

ISSUING OFFICER=S NAME, ADDRESS AND PHONE NUMBER
Shari Klevens
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
Telephone: 202-496-7612

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

DC:50459520.1

AO88  (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,
(ii)   requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)   subjects a person to undue burden.

(B) If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)   requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or
(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

DC:50459520.1

### ATTACHMENT A: TOPICS TO BE ADDRESSED AT THE DEPOSITION

For purposes of this Attachment, Amazon.com, Inc. should use the following definition for the terms used herein.

A.     "Amazon.com," "you," and "your" as used herein, means Amazon.com, Inc. and all persons or entities acting or purporting to act on your behalf, and any affiliates of Amazon.com, Inc.

B.     "ViewSonic" means Defendant ViewSonic Corporation, and all persons or entities acting or purporting to act on ViewSonic's behalf, and any affiliates of ViewSonic, including, but not limited to, entities, divisions, and affiliates located in Taiwan.

C.     "ViewSonic products" as used herein means any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs, and is made or assembled in whole or in part by or for ViewSonic. This includes all such products, regardless of brand name, and thus includes, but is not limited to, ViewSonic brand products.

D.     "Tatung Company" means Defendant Tatung Company, all persons or entities acting or purporting to act on Tatung Company's behalf, and affiliates of Tatung Company, including but not limited to Tatung Company.

E.     "Tatung Company products" as used herein any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs, and is made or assembled in whole or in part by or for Tatung Company. This includes all such products, regardless of brand name, and thus includes, but is not limited to, Tatung brand products.

F.    "Tatung America" means Defendant Tatung Company of America, Inc., and all persons or entities acting or purporting to act on Tatung Company of America's behalf, including, but not limited to Tatung Company of America.

G.    "Tatung America products" as used herein means any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs, and is made or assembled in whole or in part by or for Tatung America. This includes all such products, regardless of brand name, and thus includes, but is not limited to, Tatung America brand products.

H.    "TSTI" means Tatung Science and Technology, Inc., and all persons or entities acting or purporting to act on Tatung Science and Technology's behalf, including, but not limited to Tatung Science and Technology.

I.    "TSTI products" as used herein means any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs, and is made or assembled in whole or in part by or for TSTI. This includes all such products, regardless of brand name, and thus includes, but is not limited to, TSTI brand products.

J.    "Affiliate(s)" means any corporation or other entity that controls, is controlled by or is under common control with the identified corporation or entity, including without limitation partnerships, parents, subsidiaries and divisions.

K.    "Visual display products" means any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs.

L.      "Communication" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information between two or more persons of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, email, mail, personal delivery or otherwise, including but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

M.      "Concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, describing, discussing, evidencing or constituting the referenced subject.

N.      "Discuss," "discussing," "relate to" "relating to," "support" or "supporting" means in any way directly or indirectly, in whole or in part, discussing, referring to, regarding, constituting, concerning, about, pertaining to, relating to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling or negating.

O.      "Identify" used in respect to a company or corporate or business entity of any kind means to set forth:

        a.    the full name of the company;

        b.    the full name of the division or office involved, if applicable; and

        c.    the address of the company and of the division or office involved, if applicable.

P.      "Identify" used in respect to a document or thing means:

       a.  to provide a brief description of such document or thing, including date, author, recipients, type, and content or substance;

       b.  to identify the custodian of the document or thing;

       c.  to identify the place where the document or thing may be inspected; and

       d.  if a copy of the document has been supplied to LPL, to so state and specifically identify the copy supplied by reference to production numbers or other identifying information.

Q.     "Identify" used with respect to a natural person means to state:

       a.  the full name;

       b.  the present or last known business and residence addresses;

       c.  the last known employer or job affiliation; and

       d.  the last known occupation and business position or title held.

R.     "Import" or "importation" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

S.     "Make" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

T.     "Offer to sell" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

U.     "Person" means any natural person, firm, association, partnership, corporation, or other form of legal entity.

V.     "Sell" or "sale" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

W.     The use of the singular form of any word includes the plural and vice versa.

The topics to be covered in the deposition include:

Attachments A to Fed. R. Civ. P. 45 Subpoena

Page 4 of 6

1.    The nature of the business relationship and transactions between Amazon.com and Tatung Company, Tatung America, TSTI, and/or ViewSonic relating to the sale, distribution, or importation of visual display products, including but not limited to the agreements between Amazon.com, Tatung Company, Tatung America, TSTI, and/or ViewSonic.

2.    The scope, nature and purpose of communications between Amazon.com and Tatung Company, Tatung America, TSTI, and ViewSonic (a) concerning the sale or marketing in the United States of visual display products manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic, (b) communications regarding any product support assistance or warranties that Tatung Company, Tatung America, TSTI, and/or ViewSonic have provided to Amazon.com, and (c) communications regarding the market trends for visual display products in the United States.

3.    Any agreements or contracts pursuant to which Amazon.com has agreed to purchase Tatung Company's, Tatung America's, TSTI's and/or ViewSonic's visual display products either directly from Tatung Company, Tatung America, TSTI, or ViewSonic or indirectly by purchasing such products from any OEMs.

4.    Amazon.com's activities or efforts related to the distribution or sale of visual display products in the United States manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic.

5.    All channels, distributors, suppliers, and networks through which products made in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic have been shipped, imported, sold, and/or distributed in the United States.

6.     Amazon.com's sales of its visual display products that were manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic, including the quantity and dollar amount of such sales, by product.

7.     The date(s) and location(s) of any in person meetings in the United States between employees or representatives of Amazon.com and of a) Tatung, b) Tatung America, c) TSTI, and/or d) ViewSonic, the identity and job descriptions of participants in such meetings, and the substance of issues discussed or addressed in such meetings.

DC:50459620 1

## **ATTACHMENT B: DOCUMENTS TO BE PRODUCED**

For purposes of this Attachment, Amazon.com, Inc. should refer to Attachment A for the definition or meaning of terms used herein, which definitions are incorporated herein by reference. In addition, the following definition applies:

A.    "Document" means all types of documents and things embraced within Federal Rules of Civil Procedure 34 and includes, without limitation, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy, of the following items, however produced or reproduced, namely: books, accounting records of any nature whatsoever, agreements, communications, correspondence, facsimiles, telegrams, cable, telexes, memoranda, recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports and records, notebooks, charts, plans, sketches, drawings, video tapes, films, slides, information bearing photographic products of any nature whatsoever, photo-records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports or summaries or interviews, reports or summaries of investigations, opinions or reports of consultants, patent studies, or opinions of counsel, records, reports or summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, original or preliminary notes, computer printouts, floppy disks, hard drives, CD-ROM's, magnetic tapes and other data compilations from which

information can be obtained or translated, if necessary by Amazon.com through detection devices into reasonably usable form. The term document also refers to any tangible object other than a document as described above, and includes objects of every kind and nature such as, but not limited to, prototypes, models, and specimens.

The documents to be produced on or before March 5, 2007, include the following:

1.      All documents provided by Tatung Company, Tatung America, TSTI, or ViewSonic to Amazon.com since January 1, 2002 regarding marketing, sales, or business documents or presentation materials and any documents relating to warranties, product support, or service provided by Tatung Company, Tatung America, TSTI, or ViewSonic regarding their visual display products.

2.      Documents provided by Amazon.com to Tatung Company, Tatung America, TSTI, or ViewSonic since January 1, 2002 sufficient to show Amazon.com's market for visual display products, and/or market trends in the United States for visual display products.

3.      Documents sufficient to show the business relationship between Amazon.com and Tatung Company, Tatung America, TSTI, and/or ViewSonic since January 1, 2002, including communications with Tatung Company, Tatung America, TSTI, and/or ViewSonic, notes from meeting with Tatung Company, Tatung America, TSTI, and/or ViewSonic, and documents in which Amazon.com has agreed to purchase visual display products directly from Tatung Company, Tatung America, TSTI, and/or ViewSonic.

4.      All documents from January 1, 2002 by which Amazon.com has agreed to purchase from original equipment manufacturers ("OEMs") any visual display products that Amazon.com had reason to believe were manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic, and documents sufficient to show

Attachments B to Fed. R. Civ. P. 45 Subpoena

Page 2 of 3

that Tatung Company, Tatung America, TSTI, and/or ViewSonic received notice of Amazon.com's agreements to purchase.

5.   Documents sufficient to show Amazon.com's receipt or purchase of visual display products sold, manufactured, shipped, imported, or distributed in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic since January 1, 2002.

6.   Documents sufficient to show the total quantity of visual display products sold, by product, by Amazon.com that were manufactured or assembled in whole or in part by Tatung Company, Tatung America, and/or ViewSonic since January 1, 2002, including separate summaries for (1) Tatung Company products, (2) Tatung America products, (3) TSTI products, and (4) ViewSonic products.

7.   Documents sufficient to show the sales by total dollar value and by quantity of visual display products sold, by product, by Amazon.com that were manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic since January 1, 2002, including separate summaries for (1) Tatung Company products, (2) Tatung America products, (3) TSTI products, and (4) ViewSonic products.

8.   Documents sufficient to identify each person Amazon.com has communicated with at Tatung Company, Tatung America, TSTI, and/or ViewSonic.

DC:50459614.1

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on February 13, 2007, he electronically

filed the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

| | |
|---|---|
| Jeffrey B Bove, Esq. | Frederick L. Cottrell, III, Esq. |
| Jaclyn M. Mason, Esq. | Anne Shea Gaza, Esq. |
| Connolly Bove Lodge & Hutz LLP | Richards, Layton & Finger |
| 1007 North Orange Street | One Rodney Square |
| P.O. Box 2207 | P.O. Box 551 |
| Wilmington, Delaware 19899-2207 | Wilmington, DE 19899 |

The undersigned counsel further certifies that copies of the foregoing document

were sent by hand to the above counsel and by email and will be sent by first class mail

to the following non-registered participants:

| | |
|---|---|
| Scott R. Miller, Esq. | Valerie Ho, Esq. |
| Connolly Bove Lodge & Hutz LLP | Mark H. Krietzman, Esq. |
| 355 South Grand Avenue | Frank C. Merideth, Jr., Esq. |
| Suite 3150 | Greenberg Traurig LLP |
| Los Angeles, CA 90071 | 2450 Colorado Avenue, Suite 400E |
| | Santa Monica, CA 90404 |

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

07-MC-00030-DECL

## DECLARATION OF JACKSON CHANG

I, Jackson Chang, under penalty of perjury, hereby declare and state:

1.     I am the General Manager of Display BU Sales for Tatung Company.

2.     Tatung Company and Tatung Company of America, Inc. (the "Tatung Defendants"), actively compete with L.G. Philips LCD Co., Ltd. ("LPL") and its parent company, LG Electronics, Inc. ("LGE") in the computer monitor business.

3.     Producing the information and testimony LPL seeks would cause major competitive harm to the Tatung Defendants.

4.     The noticed deposition topics are closely guarded by the Tatung Defendants as highly sensitive and confidential business information.

5.     The requested documents also implicate highly sensitive commercial information.

6.     All of this information is kept secret by the Tatung Defendants. Only authorized personnel have access to the information and information kept on computers are password protected.

7.     A third party's disclosure of the requested information would likely result in competitors using the information to 1) undercut the Tatung Defendants in pricing; 2) deduce the exact specifications required by existing customers; and/or 3) specifically target and lure away Tatung's existing customers.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 8, 2007 in Los Angeles, CA.

Jackson Chang
Jackson Chang

ORIGINAL

1
2
3
4
5
6

**07-MC-00030-PRO**

7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9
10

LG PHILIPS LCD CO.,

11

Plaintiff,

12

v.

13

TATUNG CO., TATUNG CO. OF
AMERICA INC.,

14

and VIEWSONIC CORP.,

15

Defendants.

No. **MS 07 - 0030** ℝ SM

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION FOR
PROTECTIVE ORDER

**NOTED FOR HEARING:**
**March 19, 2007, 9:00 a.m.**

16
17

After hearing oral argument and considering all pleadings and papers filed in

18

support of and in opposition to Defendants' Motion For Protective Order Limiting Scope of

19

Third Party Deposition and Subpoena, the Court finds that good cause exists for granting

20

this motion in full. Accordingly,

21

**IT IS HEREBY ORDERED THAT:**

22

1.    The motion is GRANTED.

23

2.    Any deposition testimony taken from third party Amazon.com, Inc., shall be

24

limited to that testimony relating to the accused products at issue in *L.G. Philips LCD Co.,*

25

*Ltd. v. Tatung Company, et. al.,* C.A. No. 04-343-JJF (United States District Court for the

26

District of Delaware).

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION FOR PROTECTIVE
ORDER – Page 1



**YARMUTH WILSDON CALFO PLLC**
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

1      3.   Any documents produced in response to the subpoena issued on third party

2    Amazon.com, Inc., shall be limited to those documents relating to the accused products at

3    issue in *L.G. Philips LCD Co., Ltd. v. Tatung Company, et. al.*, C.A. No. 04-343-JJF

4    (United States District Court for the District of Delaware).

5

6

7                                      United States District Court for the
Western District of Washington

8    Presented By:

9    YARMUTH WILSDON CALFO PLLC

10

11    _____

12    By Stacie Foster, WSBA #23397

     *Of Counsel:*

13

    **GREENBERG TRAURIG LLP**

14

    Frank E. Meredith, Jr.

15    Valerie W. Ho
    Mark H. Krietzman

16    Steve P. Hassid
    2450 Colorado Avenue, Suite 400E

17    Santa Monica, CA 90404

18    **RICHARDS LAYTON & FINGER, PA**

19    Frederick L. Cottrell, III
    Anne Shea Gaza

20    One Rodney Square
    P.O. Box 551

21    Wilmington, DE 19899

22

    Attorneys for Defendants

23    Tatung Company and
    Tatung Company of America, Inc.

24

25

26

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION FOR PROTECTIVE
ORDER – Page 2

**YARMUTH WILSDON CALFO PLLC**
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

471.01 hc084804 3/8/07

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

```
___ FILED        ___ ENTERED
___ LODGED       ___ RECEIVED

      MAR 0 8 2007      DB

            AT SEATTLE
      CLERK U.S. DISTRICT COURT
  WESTERN DISTRICT OF WASHINGTON
                        DEPUTY
```

**07-MC-00030-CERT**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

LG PHILIPS LCD CO.,

             Plaintiff,

      v.

TATUNG CO., TATUNG CO. OF
AMERICA INC.,
and VIEWSONIC CORP.,

             Defendants.

**MS 07 - 0030** *RSM*

CERTIFICATE OF SERVICE`

I certify that on this day I caused true and correct copies of

1.     Defendants Tatung Company and Tatung Company of America, Inc.'s

Motion for a Protective Order Limiting Scope of Third Party Deposition and

Subpoena and Request for Expedited Hearing;

2.     Declaration of Jackson Chang; and

3.     [Proposed] Order Granting Defendants' Motion for Protective Order;

to be served upon:

//

//

//

CERTIFICATE OF SERVICE – Page 1

**ORIGINAL**

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1

2

**COUNSEL FOR LPL**

3   Richard D. Kirk
    **The Bayard Firm**
4   222 Delaware Avenue # 900
    Wilmington, DE 19899
5   rkirk@bayardfirm.com

6

7

8

9

**COUNSEL FOR DEFENDANT**
10  **VIEWSONIC CORPORATION**

11  Jeffrey B. Bove
    jbove@cblh.com
12  James D. Heisman
    jheisman@cblh.com
13  Jaclyn M. Mason
    jmason@cblh.com
14  **Connolly Bove Lodge & Hutz LLP**
    1007 North Orange Street
15  P.O. Box 2207
    Wilmington, DE 19899
16

**COUNSEL FOR DEFENDANT**
17  **VIEWSONIC CORPORATION**

18  Scott R. Miller
    smiller@cblh.com
19  **Connolly Bove Lodge & Hutz LLP**
    355 South Grand Avenue, Suite 3150
20  Los Angeles, CA 90071

21

22

23

24

25

26

**COUNSEL FOR LPL**

Gaspare J. Bono
gbono@mckennalong.com
Rel S. Ambrozy
rambrozy@mckennalong.com
Cass W. Christenson
cchristenson@mckennalong.com
Lora A. Brzezynski
lbrzezynski@mckennalong.com
**McKenna Long & Aldridge LLP**
1900 K Street, N.W.
Washington, DC 20006

**COUNSEL FOR DEFENDANT**
**VIEWSONIC CORPORATION**

Tracy R. Roman
troman@raskinpeter.com
**Raskin Peter Rubin & Simon LLP**
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

**COUNSEL FOR DEFENDANTS**
**TATUNG CO. & TATUNG CO. OF**
**AMERICA**

Frederick L. Cottrell, III
Cottrell@RLF.com
Anne Shea Gaza
Gaza@RLF.com
**Richards Layton & Finger, PA**
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

CERTIFICATE OF SERVICE – Page 2

**YARMUTH WILSDON CALFO PLLC**
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**COUNSEL FOR DEFENDANTS
TATUNG CO. & TATUNG CO. OF
AMERICA**

Frank E. Meredith, Jr.
meredithf@gtlaw.com
Valerie W. Ho
hov@gtlaw.com
Mark H. Krietzman
krietzmanm@gtlaw.com
Steve P. Hassid
hassids@gtlaw.com
**Greenberg Traurig LLP**
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

☒ Via Email
☐ Via Facsimile
☐ Via Federal Express
☐ Via Hand Delivery
☐ Via U.S. Mail

    I declare under penalty of perjury under the laws of the State of Washington that the

foregoing is true and correct.

    DATED this 8th day of March, 2007, at Seattle, Washington.

Shelley Meyer
Legal Assistant

CERTIFICATE OF SERVICE – Page 3