The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| L.G. PHILIPS LCD CO., LTD, | No.   MS 07-0030-RSM |
| Plaintiff, | PLAINTIFF L.G.PHILIPS LCD CO., LTD.'S OPPOSITION TO TATUNG'S MOTION FOR EXPEDITED HEARING AND MOTION FOR TELEPHONIC HEARING |
| v. | |
| TATUNG COMPANY, TATUNG COMPANY OF AMERICA, INC., and VIEWSONIC CORPORATION, | **Noted for Hearing** March 19, 2007 at 9:00 a.m. |
| Defendant. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff LG.Philips LCD Co., Ltd. ("LPL") hereby opposes the Request for Expedited Hearing filed by Defendants Tatung Company and Tatung Company of America, Inc. (collectively "Tatung") in relation to the third party subpoena served on Amazon.com, Inc. by LPL.  Ex. 1.  LPL requests that Tatung's motion for expedited hearing be denied and that, in any event, the Court schedule a hearing at a time when LPL's Washington, D.C. counsel is available and allow LPL to participate in the hearing by telephone.

Tatung failed to confer with LPL about possible hearing dates, failed to provide sufficient notice to LPL of its motion, and purposely scheduled numerous such motions around the country on the same day.  This motion involves extensive factual issues, thus necessitating that LPL's Washington, D.C. counsel present argument to the Court.  For these reasons, LPL respectfully requests that it be permitted to appear by telephone or that the hearing date be rescheduled for a date when LPL's counsel may appear and be heard.

PLAINTIFF L.G.PHILIPS LCD CO., LTD.'S
OPPOSITION TO TATUNG'S MOTION FOR
EXPEDITED HEARING AND MOTION FOR
TELEPHONIC HEARING - 1
MS-07-0030 RSM

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

1

## I.     STATEMENT OF FACTS

2

3        This matter involves a subpoena issued by LPL in relation to discovery in a patent

4   infringement action pending in the United States District Court in Delaware ("Main Case").

5   On December 27, 2006, LPL served a third party subpoena on Hewlett-Packard Company.

6   On February 13 and 14, 2007, LPL served approximately 23 other third party subpoenas

7   ("Subpoenas") on various distributors, retailers, and purchasers of Defendants' products in the

8   United States.  The Subpoenas were issued based on LPL's understanding that these parties,

9   who have current or former business relationships with Tatung and ViewSonic Corporation

10  ("ViewSonic"), another Defendant in the underlying case, have documents that are relevant to

11  the instant action, including but not limited to, documents related to purchase and sale of the

12  infringing products in the United States, documents relating to Defendants' efforts to market

13  the infringing products in the United States, documents relating to Defendants' technical

specifications, and other important discovery concerning infringement, inducement, damages,

and other issues.[1]   The Subpoenas seek documents and information related solely to the

products at issue in this action.

14        In addition, the Subpoenas requested that all documents be produced by March 5,

15  2007, and that depositions occur between March 12 and March 27, 2007, consistent with the

16  March 30 deadline for third party discovery in this case.  LPL provided notice and copies of

17  the Subpoenas to the Defendants prior to the service of the Subpoenas.  During a telephone

18  conference on January 30, 2007, Tatung indicated for the first time that it intended to file a

19  motion for protective order with respect to the Subpoena directed to Hewlett-Packard, but

20  Tatung never did so.[2]  More than one month later, on March 5, Tatung again threatened to file

21  _____

[1] LPL has also sought the same information and documents, unsuccessfully, from the Defendants.  Defendants
22  have produced some - but certainly not all – discovery that LPL seeks.  Notably, much of Defendants'
production is subject to objections and limitations that LPL disputes and which are the subject of numerous
23  discovery motions already pending before the Special Discovery Master in the Main Case in the District of
Delaware, as described more fully below.

[2] Hewlett-Packard has produced more than 5000 pages of relevant, responsive documents.  Hewlett-Packard's
production belies Tatung's argument that the Subpoenas are burdensome to the third parties, particularly because
the majority of the third parties are smaller entities with far fewer responsive documents.   Moreover, Hewlett-

PLAINTIFF L.G.PHILIPS LCD CO., LTD.'S
OPPOSITION TO TATUNG'S MOTION FOR
EXPEDITED HEARING AND MOTION FOR
TELEPHONIC HEARING - 2
MS-07-0030 RSM

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

additional motions for protective orders with respect to the later served 23 Subpoenas.  In

addition, even though Tatung had received the second batch of Subpoenas nearly three weeks

earlier, Tatung indicated that some or all of such motions would be made on an *ex parte* basis

because of the March 5 return date on some of the Subpoenas, which incidentally was that

day.  (*See* Ex. 2, Emails between V. Ho and C. Connor (Mar. 5-7, 2007).)  Tatung claimed to

have standing to raise any such objections on behalf of the third parties because it claimed

that the Subpoenas pertained to Tatung's still unresolved objections to the scope of discovery

in the Main Case.  Tatung never explained why it had waited several weeks before raising its

objections, but merely stated that it intended to file its motions on an *ex parte* basis.  *See id.*

In an exchange of emails, LPL strenuously objected to Tatung's position that it could file *ex*

*parte* motions on any issue in the case, including any issues related to the third party

subpoenas served by LPL.  *See id.*  In addition, LPL further reiterated its position that Tatung

had no standing to raise objections to the Subpoenas, principally, because Tatung has never

proved why any documents now in the custody of third parties are confidential, trade secrets,

or otherwise shielded from discovery.  *See id.*

      Nonetheless, Tatung evidently began filing its motions on March 9, 2007.  All of the

motions filed are nearly identical.  Many of the motions were filed on an *ex parte* basis.  With

respect to the remaining motions, which were not technically filed *ex parte*, the motions were

served in a questionable manner.  For example, none of the 23 motions were sent to Shari

Klevens at McKenna Long & Aldridge, even though Ms. Klevens was the attorney who

issued and served all of the Subpoenas at issue (as evident from the face of the Subpoenas).

Indeed, even though LPL's counsel sent an email on Friday, March 2, 2007 providing a

service list for all documents in the Main Case, Tatung failed to serve motions on the

complete list of attorneys included in that list.  As a result, Tatung did not learn of many of

---

Packard's production reveals many "Process Management Plans," even after Tatung denied the existence of such
documents and refused to produce them.  Tatung's failure to produce documents adds support for LPL's position
that it needs the discovery sought from the third parties.

PLAINTIFF L.G.PHILIPS LCD CO., LTD.'S
OPPOSITION TO TATUNG'S MOTION FOR
EXPEDITED HEARING AND MOTION FOR
TELEPHONIC HEARING - 3
MS-07-0030 RSM

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

the motions until well after they were filed.  Moreover, Tatung served the majority of its motions by regular mail, even though Tatung requested expedited hearings with respect to those motions, ensuring the possibility that the courts would rule before LPL would receive the motions, let alone have an opportunity to respond.  Notably, the facts suggest that Tatung actually went out of its way to make sure that LPL did not receive the motions in a timely manner.

For example, Tatung served only a few of the motions electronically, and then, even though Shari Klevens was the only attorney to sign LPL's subpoenas, served its motions only on two other LPL attorneys, one of whom Tatung knew to be out of the office defending depositions for the Main Case.  Also, even though Tatung committed to LPL and the Special Master during a hearing on March 12, 2007 that it would provide electronic copies of all motions by the close of business on March 12, 2007, Tatung has so far failed to do so.  *See* Ex. 3, Letter from C. Connor to Tatung's counsel on March 12, 2007, which advises Tatung of LPL's additional concerns.

As a further example, according to Tatung, it filed a Motion for Protective Order with regard to the Subpoena served on Sensormatic in the Southern District of Florida on March 9, 2007.  That motion was served by mail only and received by LPL in the mid-afternoon on Monday, March 12, 2007 (in the afternoon mail delivery).  At 4:30 p.m. that same day, LPL received notice that the Southern District had granted the motion, and the court's order stated that the court reviewed an opposition filed by LPL (evidently using language from a standard proposed order).[3]  Ex. 4.  Moreover, Tatung is now trying to capitalize on the Southern District of Florida's mistaken entry of an order in Tatung's favor by encouraging other courts, including this one, to grant Tatung's motions even as LPL is preparing its oppositions.  *See e.g.,* Ex. 5.

As yet another example of Tatung's failure to provide adequate notice of its motions,

---

[3] LPL has filed a Motion for Reconsideration in the Southern District of Florida, advising the Court that its order was issued before LPL had been given notice of Tatung's motion and before LPL had an opportunity to respond.

PLAINTIFF L.G.PHILIPS LCD CO., LTD.'S
OPPOSITION TO TATUNG'S MOTION FOR
EXPEDITED HEARING AND MOTION FOR
TELEPHONIC HEARING - 4
MS-07-0030 RSM

Gardner Bond Trabolsi pllc
A T T O R N E Y S
2200 Sixth Avenue, Suite 600
Seattle, Washington 98121
Telephone (206) 256-6309
Facsimile (206) 256-6318

on March 12, 2007, Tatung sent a letter to Judge Mary L. Cooper in the District of New Jersey and forwarded a copy of Tatung's Motion for Protective Order filed in that court. Tatung copied two of LPL's attorneys on the letter electronically (although not Ms. Klevens), but did not attach the enclosures, even though LPL had not otherwise received those documents at that time. *See* Ex. 6. Moreover, even after LPL reiterated during a hearing in the Main Case that Ms. Klevens and Cormac Connor, also of McKenna Long & Aldridge LLP, should be included on correspondence relating to the third party subpoenas, Tatung had continued to leave them off of new emails enclosing the requested motions. *See* Ex. 7.

Finally, as further evidence of Tatung's conduct with respect to the Motions for Protective Order, not only did Tatung provide untimely and/or no notice of the motions, but Tatung failed to confer with LPL on possible times for the hearing and scheduled several overlapping hearings in multiple jurisdictions. For example, Defendants initially tried to schedule three oral arguments, all on the morning of March 15, 2007, in New Jersey, Massachusetts, and Illinois. These three motions, and many others, were scheduled only a few days after the motions were filed and served by regular U.S. mail, rather than electronically, if at all.[4]

While Tatung filed the Motions for Protective Order, it did so without regard for the fact that several of the third parties had either already produced the requested documents or agreed to produce the requested documents.[5] However, because Tatung contacted the third parties to notify them of Tatung's Motions, several of the third parties have now refused to produce the requested discovery. *See, e.g.* Ex. 8.

---

[4] As Tatung is aware, all of these emergency hearings have been scheduled to occur simultaneously with depositions of Tatung's witnesses. Because LPL's lead trial counsel are busy taking and defending depositions this week, it appears that Tatung strategically filed these requests for expedited hearing in an attempt to prevent LPL from obtaining significant and relevant information it needs from the third parties or to divert LPL's focus from the Tatung depositions.

[5] For example, even after learning that Tatung had filed Motions related to the Subpoenas, a few of the third parties have agreed to produce the requested documents, further undermining Tatung's argument that the Subpoenas are burdensome.

PLAINTIFF L.G.PHILIPS LCD CO., LTD.'S
OPPOSITION TO TATUNG'S MOTION FOR
EXPEDITED HEARING AND MOTION FOR
TELEPHONIC HEARING - 5
MS-07-0030 RSM

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

## II.    ARGUMENT

### A.    Defendants' Request for Expedited Hearing Should Be Denied

Defendants argue that LPL has created the need for expedited hearing by serving its Subpoenas "at the last minute." This is simply not true.[6] Indeed, LPL waited to serve its Subpoenas because, simply put, LPL was hopeful that it would receive the discovery at issue from the Defendants. However, as the discovery deadline quickly approached and Defendants had not provided the requested information, LPL realized it had no choice but to serve the Subpoenas before LPL's opportunity to obtain the discovery was lost. Nonetheless, LPL served the Subpoenas a full six weeks before the deadline for third party discovery. Indeed, in a hearing on March 12, 2007, Tatung conceded that it has not produced all responsive discovery documents and that it would produce additional documents in April 2007, after the deadline for the close of third party discovery.

Contrary to Tatung's suggestion, Tatung has created its own delay and now offers that delay as justification for its expedited relief. Indeed, even though Tatung received the Subpoenas on or about February 13 and 14, it waited more than three weeks to file the instant motion. Tatung's request for an expedited motion would be unnecessary but for Defendants' failure to file this motion when it learned of the scope of the Subpoenas. LPL should not have to pay for Tatung's delay.[7]

### B.    LPL Requests that Any Hearing On This Matter Be Scheduled At a Time When LPL'S Washington, D.C. Counsel Is Available and Requests Leave to Participate By Telephone

Because Tatung filed approximately 23 motions, all with requests for expedited hearing, the various courts have begun to schedule hearings at the same time. Tatung did not

---

[6] While the Scheduling Order in the Main Case sets March 30, 2007 as the close of third party discovery, LPL has twice requested extensions of this deadline. Tatung opposed those requests, which were denied.

[7] In addition, on Friday, March 16, 2007, Special Master Vincent Poppiti in the District of Delaware will consider whether to extend the deadline for third party discovery. If that motion is granted, the deposition can be rescheduled past March 30, 2007 and any alleged need for expedited resolution of this motion will be rendered moot. Also pending before Special Master Poppiti is LPL's request that Tatung be precluded from continuing their blatant interference with appropriate third party discovery.

PLAINTIFF L.G.PHILIPS LCD CO., LTD.'S
OPPOSITION TO TATUNG'S MOTION FOR
EXPEDITED HEARING AND MOTION FOR
TELEPHONIC HEARING - 6
MS-07-0030 RSM

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

consult with LPL regarding LPL's availability with respect to any of the 23 pending motions prior to its request for expedited hearing. Consequently, Tatung attempted to schedule at least three hearings (of which LPL knows), all on the morning of March 15, at 9:00 a.m. (in New Jersey), at 9:15 a.m. (in Illinois), and 11:00 a.m. (in Massachusetts). These hearings, which are just a few examples, are obviously being scheduled to create the most interference, harassment, and burden on LPL's counsel. Because the various courts presumably are not aware of the other motions pending with respect to the 23 Subpoenas, the hearings being scheduled are at times when LPL is unavailable, primarily due to other hearings scheduled at the same time. As a result, LPL requests that any hearing on this matter be scheduled, or rescheduled to the extent already placed on the Court's docket, until a time when LPL's Washington, D.C. counsel is available. In addition, in light of the numerous hearings scheduled within hours of one another in different jurisdictions across the country, LPL requests that its Washington, D.C. counsel be permitted to participate in any hearings by telephone. If necessary, however, LPL will have local counsel present in person for the hearing.

## III.    CONCLUSION

For the foregoing reasons, LPL requests that Tatung's motion for expedited hearing be denied, and that the Court schedule a hearing at a time when LPL's Washington, D.C. counsel is available. LPL also requests that its counsel be permitted to participate in the hearing by telephone.

PLAINTIFF L.G.PHILIPS LCD CO., LTD.'S
OPPOSITION TO TATUNG'S MOTION FOR
EXPEDITED HEARING AND MOTION FOR
TELEPHONIC HEARING - 7
MS-07-0030 RSM

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

DATED this 14th day of March 2007.

GARDNER BOND TRABOLSI PLLC

By /s/ Ronald C. Gardner
     Ronald C. Gardner, WSBA No. 9270

*Of Counsel:*

**MCKENNA LONG & ALDRIDGE LLP**

Shari Klevens
1900 K Street, NW
Washington, DC 20006
202-496-7207

Attorneys for Plaintiff

PLAINTIFF L.G.PHILIPS LCD CO., LTD.'S
OPPOSITION TO TATUNG'S MOTION FOR
EXPEDITED HEARING AND MOTION FOR
TELEPHONIC HEARING - 8
MS-07-0030 RSM

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

1

## CERTIFICATE OF SERVICE

2      The undersigned certifies that on March 14, 2007, she electronically filed the

3  foregoing document with the Clerk of the Court using CM/ECF, which will send automatic

4  notification of the filing to the following:

5  **PLAINTIFF L.G.PHILIPS LCD CO., LTD.'S OPPOSITION TO TATUNG'S
   MOTION FOR EXPEDITED HEARING AND MOTION FOR TELEPHONIC**
6  **HEARING**

7

Stacy Foster
8  Warmuth Wilsdon Calfo PLLC
   sfoster@yarmuth.com
9

10
      Dated: March 14, 2007.
11

12                                   /s/ Jan M. Young
                                     Jan M. Young
13                                   Legal Assistant to Ronald C. Gardner

14

15

16

17

18

19

20

21

22

23

PLAINTIFF L.G.PHILIPS LCD CO., LTD.'S
OPPOSITION TO TATUNG'S MOTION FOR
EXPEDITED HEARING AND MOTION FOR
TELEPHONIC HEARING - 9
MS-07-0030 RSM

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 04-343 (JJF) |
| TATUNG COMPANY, et al., | |
| Defendants. | |

**NOTICE OF FED.R.CIV.P. 30(b)(6) DEPOSITION *DUCES TECUM*
AND FED.R.CIV.P. 45 SERVICE OF SUBPOENA
(AMAZON.COM, INC.)**

TO:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Tracy Roman, Esq.
Raskin  Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

PLEASE TAKE NOTICE that Plaintiff will take the deposition *duces tecum* of

Amazon.com, Inc.. ("Amazon") pursuant to Fed. R. Civ. P. 30(b)(6), on March 23, 2007.  The

deposition will take place at Bank of America Tower, 701 Fifth Avenue, Suite 6630, Seattle WA

981.  The deposition will be videotaped and taken before a notary public or court reporter, duly

authorized to administer oaths and transcribe the testimony of the deponent(s) and may use technology that permits the real time display of the deposition transcript for attendees who bring a compatible computer.  The deposition may continue from day to day until completed if authorized by the Court or stipulated by the parties.

PLEASE ALSO TAKE NOTICE that LG.Philips LCD Co., Ltd. is serving Amazon with a subpoena (the "Subpoena"), a copy of which is attached hereto.  The subjects covered in the deposition will include (but are not limited to) the subjects listed on Attachment A to the Subpoena.  Pursuant to Fed. R. Civ. P. 30(b)(6), Amazon is required to designate one or more persons to testify at the deposition as to the matters known or reasonably available to Amazon concerning all topics listed in Attachment A to the Subpoena.  In addition, the Subpoena requires Amazon to produce at the deposition the documents listed in Attachment B to the Subpoena.

You are invited to attend and cross examine.

February 13, 2007

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
rkirk@bayardfirm.com
(302) 655-5000
Counsel for Plaintiff
LG.PHILIPS LCD CO., LTD.

OF COUNSEL:
Gaspare J. Bono
Matthew T. Bailey
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

OAO88  (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF WASHINGTON

LG.PHILIPS LCD CO., LTD.
V.
TATUNG COMPANY, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    04-343 (JJF)

TO:    **Amazon.com, Inc.**
**1200 12th Avenue, Suite 1200**
**Seattle, WA  98114**

United States District Court for the District of Delaware

|   | YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case. |
|---|---|
| X | |

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

|   | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. (See Attachment A for topics.) |
|---|---|
| X | |

| PLACE OF DEPOSITION Esq. Deposition Services, Bank of America Tower, 701 Fifth Ave, Ste 6630, Seattle WA 98104 | DATE AND TIME March 23, 2007 at 9:00 am. |
|---|---|

|   | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): All documents listed in Attachment B. |
|---|---|
| X | |

| PLACE Mail documents to: McKenna Long & Aldridge LLP, Attn:  Shari Klevens c/o Esquire Deposition Services, Bank of America Tower, 701 Fifth Avenue, Ste 6630, Seattle WA 98104 | DATE AND TIME March 5, 2007 at 9:00 a.m. |
|---|---|

|   | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. |
|---|---|
| G | |

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER=S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR Shari Klevens (Attorney for Plaintiff)  *SKlevens* | DATE February 13, 2007 |
|---|---|

ISSUING OFFICER=S NAME, ADDRESS AND PHONE NUMBER
Shari Klevens
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
Telephone: 202-496-7612

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

DC:50459520.1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,
(ii)  requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)   subjects a person to undue burden.

(B) If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A: TOPICS TO BE ADDRESSED AT THE DEPOSITION

For purposes of this Attachment, Amazon.com, Inc. should use the following definition for the terms used herein.

A.    "Amazon.com," "you," and "your" as used herein, means Amazon.com, Inc. and all persons or entities acting or purporting to act on your behalf, and any affiliates of Amazon.com, Inc.

B.    "ViewSonic" means Defendant ViewSonic Corporation, and all persons or entities acting or purporting to act on ViewSonic's behalf, and any affiliates of ViewSonic, including, but not limited to, entities, divisions, and affiliates located in Taiwan.

C.    "ViewSonic products" as used herein means any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs, and is made or assembled in whole or in part by or for ViewSonic.  This includes all such products, regardless of brand name, and thus includes, but is not limited to, ViewSonic brand products.

D.    "Tatung Company" means Defendant Tatung Company, all persons or entities acting or purporting to act on Tatung Company's behalf, and affiliates of Tatung Company, including but not limited to Tatung Company.

E.    "Tatung Company products" as used herein any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs, and is made or assembled in whole or in part by or for Tatung Company.  This includes all such products, regardless of brand name, and thus includes, but is not limited to, Tatung brand products.

F.    "Tatung America" means Defendant Tatung Company of America, Inc., and all persons or entities acting or purporting to act on Tatung Company of America's behalf, including, but not limited to Tatung Company of America.

G.    "Tatung America products" as used herein means any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs, and is made or assembled in whole or in part by or for Tatung America. This includes all such products, regardless of brand name, and thus includes, but is not limited to, Tatung America brand products.

H.    "TSTI" means Tatung Science and Technology, Inc., and all persons or entities acting or purporting to act on Tatung Science and Technology's behalf, including, but not limited to Tatung Science and Technology.

I.    "TSTI products" as used herein means any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs, and is made or assembled in whole or in part by or for TSTI. This includes all such products, regardless of brand name, and thus includes, but is not limited to, TSTI brand products.

J.    "Affiliate(s)" means any corporation or other entity that controls, is controlled by or is under common control with the identified corporation or entity, including without limitation partnerships, parents, subsidiaries and divisions.

K.    "Visual display products" means any flat panel computer monitor, flat panel television, and/or laptop computer that uses, contains or incorporates without limitation, one or more LCDs, PDPs and/or FEDs.

L.      "Communication" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information between two of more persons of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, email, mail, personal delivery or otherwise, including but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interviews, consultations, agreements and other understandings.

M.      "Concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, describing, discussing, evidencing or constituting the referenced subject.

N.      "Discuss," "discussing," "relate to" "relating to," "support" or "supporting" means in any way directly or indirectly, in whole or in part, discussing, referring to, regarding, constituting, concerning, about, pertaining to, relating to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, discussing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling or negating.

O.      "Identify" used in respect to a company or corporate or business entity of any kind means to set forth:

        a.   the full name of the company;

        b.   the full name of the division or office involved, if applicable; and

        c.   the address of the company and of the division or office involved, if applicable.

P.      "Identify" used in respect to a document or thing means:

    a.   to provide a brief description of such document or thing, including date, author, recipients, type, and content or substance;

    b.   to identify the custodian of the document or thing;

    c.   to identify the place where the document or thing may be inspected; and

    d.   if a copy of the document has been supplied to LPL, to so state and specifically identify the copy supplied by reference to production numbers or other identifying information.

Q.     "Identify" used with respect to a natural person means to state:

    a.   the full name;

    b.   the present or last known business and residence addresses;

    c.   the last known employer or job affiliation; and

    d.   the last known occupation and business position or title held.

R.     "Import" or "importation" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

S.     "Make" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

T.     "Offer to sell" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

U.     "Person" means any natural person, firm, association, partnership, corporation, or other form of legal entity.

V.     "Sell" or "sale" has the same meaning as in 35 U.S.C. § 271 and applicable case law.

W.     The use of the singular form of any word includes the plural and vice versa.

The topics to be covered in the deposition include:

1.    The nature of the business relationship and transactions between Amazon.com and Tatung Company, Tatung America, TSTI, and/or ViewSonic relating to the sale, distribution, or importation of visual display products, including but not limited to the agreements between Amazon.com, Tatung Company, Tatung America, TSTI, and/or ViewSonic.

2.    The scope, nature and purpose of communications between Amazon.com and Tatung Company, Tatung America, TSTI, and ViewSonic (a) concerning the sale or marketing in the United States of visual display products manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic, (b) communications regarding any product support assistance or warranties that Tatung Company, Tatung America, TSTI, and/or ViewSonic have provided to Amazon.com, and (c) communications regarding the market trends for visual display products in the United States.

3.    Any agreements or contracts pursuant to which Amazon.com has agreed to purchase Tatung Company's, Tatung America's, TSTI's and/or ViewSonic's visual display products either directly from Tatung Company, Tatung America, TSTI, or ViewSonic or indirectly by purchasing such products from any OEMs.

4.    Amazon.com's activities or efforts related to the distribution or sale of visual display products in the United States manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic.

5.    All channels, distributors, suppliers, and networks through which products made in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic have been shipped, imported, sold, and/or distributed in the United States.

6.    Amazon.com's sales of its visual display products that were manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic, including the quantity and dollar amount of such sales, by product.

7.    The date(s) and location(s) of any in person meetings in the United States between employees or representatives of Amazon.com and of a) Tatung, b) Tatung America, c) TSTI, and/or d) ViewSonic, the identity and job descriptions of participants in such meetings, and the substance of issues discussed or addressed in such meetings.

DC:50459620 1

Attachments A to Fed. R. Civ. P. 45 Subpoena

Page 6 of 6

## ATTACHMENT B: DOCUMENTS TO BE PRODUCED

For purposes of this Attachment, Amazon.com, Inc. should refer to Attachment A for the definition or meaning of terms used herein, which definitions are incorporated herein by reference. In addition, the following definition applies:

A.     "Document" means all types of documents and things embraced within Federal Rules of Civil Procedure 34 and includes, without limitation, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy, of the following items, however produced or reproduced, namely: books, accounting records of any nature whatsoever, agreements, communications, correspondence, facsimiles, telegrams, cable, telexes, memoranda, recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports and records, notebooks, charts, plans, sketches, drawings, video tapes, films, slides, information bearing photographic products of any nature whatsoever, photo-records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports or summaries or interviews, reports or summaries of investigations, opinions or reports of consultants, patent studies, or opinions of counsel, records, reports or summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, original or preliminary notes, computer printouts, floppy disks, hard drives, CD-ROM's, magnetic tapes and other data compilations from which

information can be obtained or translated, if necessary by Amazon.com through detection

devices into reasonably usable form. The term document also refers to any tangible object other

than a document as described above, and includes objects of every kind and nature such as, but

not limited to, prototypes, models, and specimens.

The documents to be produced on or before March 5, 2007, include the following:

1.      All documents provided by Tatung Company, Tatung America, TSTI, or

ViewSonic to Amazon.com since January 1, 2002 regarding marketing, sales, or business

documents or presentation materials and any documents relating to warranties, product support,

or service provided by Tatung Company, Tatung America, TSTI, or ViewSonic regarding their

visual display products.

2.      Documents provided by Amazon.com to Tatung Company, Tatung America,

TSTI, or ViewSonic since January 1, 2002 sufficient to show Amazon.com's market for visual

display products, and/or market trends in the United States for visual display products.

3.      Documents sufficient to show the business relationship between Amazon.com and

Tatung Company, Tatung America, TSTI, and/or ViewSonic since January 1, 2002, including

communications with Tatung Company, Tatung America, TSTI, and/or ViewSonic, notes from

meeting with Tatung Company, Tatung America, TSTI, and/or ViewSonic, and documents in

which Amazon.com has agreed to purchase visual display products directly from Tatung

Company, Tatung America, TSTI, and/or ViewSonic.

4.      All documents from January 1, 2002 by which Amazon.com has agreed to

purchase from original equipment manufacturers ("OEMs") any visual display products that

Amazon.com had reason to believe were manufactured or assembled in whole or in part by or for

Tatung Company, Tatung America, TSTI, and/or ViewSonic, and documents sufficient to show

that Tatung Company, Tatung America, TSTI, and/or ViewSonic received notice of Amazon.com's agreements to purchase.

5.     Documents sufficient to show Amazon.com's receipt or purchase of visual display products sold, manufactured, shipped, imported, or distributed in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic since January 1, 2002.

6.     Documents sufficient to show the total quantity of visual display products sold, by product, by Amazon.com that were manufactured or assembled in whole or in part by Tatung Company, Tatung America, and/or ViewSonic since January 1, 2002, including separate summaries for (1) Tatung Company products, (2) Tatung America products, (3) TSTI products, and (4) ViewSonic products.

7.     Documents sufficient to show the sales by total dollar value and by quantity of visual display products sold, by product, by Amazon.com that were manufactured or assembled in whole or in part by or for Tatung Company, Tatung America, TSTI, and/or ViewSonic since January 1, 2002, including separate summaries for (1) Tatung Company products, (2) Tatung America products, (3) TSTI products, and (4) ViewSonic products.

8.  Documents sufficient to identify each person Amazon.com has communicated with at Tatung Company, Tatung America, TSTI, and/or ViewSonic.

DC:50459614.1

Attachments B to Fed. R. Civ. P. 45 Subpoena

Page 3 of 3

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on February 13, 2007, he electronically

filed the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Jeffrey B Bove, Esq.
Jaclyn M. Mason, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

The undersigned counsel further certifies that copies of the foregoing document

were sent by hand to the above counsel and by email and will be sent by first class mail

to the following non-registered participants:

Scott R. Miller, Esq.
Connolly Bove Lodge & Hutz LLP
355 South Grand Avenue
Suite 3150
Los Angeles, CA 90071

Valerie Ho, Esq.
Mark H. Krietzman, Esq.
Frank C. Merideth, Jr., Esq.
Greenberg Traurig LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

Tracy Roman, Esq.
Raskin Peter Rubin & Simon LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

/s/ Richard D. Kirk (rk922)
Richard D. Kirk

571447-1

# EXHIBIT 2

**Connor, Cormac**

| | |
|---|---|
| **From:** | HoV@GTLAW.com |
| **Sent:** | Wednesday, March 07, 2007 6:06 AM |
| **To:** | Connor, Cormac |
| **Cc:** | Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HassidS@gtlaw.com |
| **Subject:** | Re: 3/5 meet-and-confer |

Your suggestion that the Tatung Defendants have known about LPL's improper subpoenas since January is wrong. LPL did not serve its various batches of subpoenas until mid to late February. We never met and conferred regarding the subpoenas at issue in January because those subpoenas had not even been issued by LPL at the time. Your resentment aside, the record speaks for itself.

The case law you cite is irrelevant.

We will proceed with our motions.

Valerie Ho
-------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: Connor, Cormac <cconnor@mckennalong.com>
To: Ho, Valerie W. (Shld-LA-LT)
Cc: Christenson, Cass <cchristenson@mckennalong.com>; Ambrozy, Rel
<rambrozy@mckennalong.com>; Brzezynski, Lora <lbrzezynski@mckennalong.com>; Merideth,
Frank (Shld-LA-LT); Krietzman, Mark H. (Shld-LA-IP); Hassid, Steve (Assoc-LA-IP); Ho,
Valerie W. (Shld-LA-LT)
Sent: Tue Mar 06 08:49:18 2007
Subject: RE: 3/5 meet-and-confer

We obviously continue to disagree. LPL will not withdraw or modify its subpoenas as they
are entirely proper and seek relevant material. Further, the subpoenas are not limited to
discovery disputed by Tatung and seek substantial information that is separate and apart
from any motions pending before the Special Master.


Also, your email was the second time yesterday that you insinuated that I am or LPL is
somehow using the meet-and-confer process "merely as a delay tactic." As I told you
during our call yesterday, I resent your baseless insinuation that I am or LPL is acting
in bad faith, particularly as I have been asking you to provide legal authority to support
your demands since at least our meet-and-confer on January 30, more than one month ago.
Now, after your own delay and inaction, you are trying to use the press of our March 30
discovery deadline as an excuse to proceed against LPL on an ex parte basis. Further,
although I specifically requested that you explain why Tatung thinks it should be
permitted to file motions without first providing notice to LPL, you have not done so.
(Your reference to the CDCA local rule concerning the formatting and process by which an
ex parte submission is handled does not suffice.) Tatung is alone responsible for waiting
so long to file the motions it has described and LPL rejects any suggestion that Tatung is
entitled to proceed against any of LPL's subpoenas without providing LPL proper notice and
an opportunity to be heard. If Tatung persists down this path, LPL will seek sanctions
and all appropriate relief against Tatung.


As for the case citations that you have finally provided, I have reviewed your references
and they are distinguishable from our situation in several ways. Tatung's position also
is contrary to settled law. "Unless a party to an action can make claim to some personal
right or privilege in respect to the subject matter of a subpoena duces tecum directed to
a nonparty witness, the party to the action has no right to relief under Rule 45(b) or

1

30(b)." Dart Industries, Inc. v. Liquid Nitrogen Processing, 50 F.R.D. 286, 291 (D. Del. 1970); see Ponsford v. United States, 771 F.2d 1305, 1308 (9th Cir. 1985) (denying motion to quash for lack of standing); Nova Products, Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004) (denying motion to quash because no showing of personal right or privilege); Oliver B. Cannon and Son, Inc. v. Fidelity and Cas. Co. of New York, 519 F. Supp. 668, 680 (D. Del. 1981) (denying motion to quash because movant failed to prove documents sought were privileged). We do not find that Tatung has any basis to object to the information sought by LPL's subpoenas and, thus, we do not believe that Tatung has standing to move to quash any of LPL's subpoenas.

Further, you have generally objected that the subpoenas seek information that is confidential and not limited to U.S. products. We believe that these objections are unfounded. If you have a more specific proposal for narrowing certain issues, however, please let us know so that we can respond.

Cormac T. Connor

McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
tel. 202-496-7439
fax 202-496-7756
email: cconnor@mckennalong.com

_____

From: HoV@GTLAW.com [mailto:HoV@GTLAW.com]
Sent: Monday, March 05, 2007 4:52 PM
To: Connor, Cormac
Cc: Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; MeridethF@GTLAW.com; KrietzmanM@GTLAW.com; HassidS@gtlaw.com
Subject: RE: 3/5 meet-and-confer

Dear Cormac,

During our meet and confer, you stated that you did not believe the Tatung Defendants have standing to bring motions for protective order in connection with the subpoenas issued by LPL to third party customers of the Tatung Defendants, which seek broad categories of confidential and trade secret information belonging to the Tatung Defendants that do not relate in any way to the accused products or patents-in-suit. In response to your request that we provide authority on this issue, we agreed to do so with the understanding that LPL may reconsider its position upon reviewing the authorities provided. Accordingly, in a good faith attempt to meet and confer and potentially obviate the need to file these motions (and in the hopes that LPL is not using the meet and confer process merely as a delay tactic), we agreed to provide you with the authorities requested on the condition that you inform us by the commencement of business (pacific time) tomorrow as to whether LPL will withdraw or narrow its subpoenas (as identified in my letter).

The authorities the Tatung Defendants are relying on include the following: FRCP 26(c); Visto Corp. v. Smartner Information Systems, Ltd., 2007 WL 218771 (N.D. Cal. 2007); Highland Tank & Mfg. Co. v. PS Int'l, Inc., 227 F.R.D. 374 (W.D. Pa. 2005); Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318 (Fed. Cir. 1990); and Joy Technologies, Inc. v. Flakt, Inc., 772 F.Supp. 842, 849 (D.Del. 1991).

If we do not receive confirmation tomorrow morning that LPL is withdrawing or narrowing its subpoenas, we will move forward with the motions/applications for protective order.

As I mentioned during our meet and confer, we will be filing the applications/motions in the courts from which the subpoenas were issued. Due to the return dates of the subpoenas, the Tatung Defendants may not have sufficient time to file regularly noticed

motions under the relevant local rules, and as a result, may have to move on an ex parte basis.  See, e.g., Central District of California Local Rule 7-19.  We, of course, will provide LPL with the appropriate ex parte notice.

With respect to the issues raised in Cass' email from this weekend, I will respond separately as those issues are completely unrelated to the issues discussed during our meet and confer.

Valerie

---

    Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

    The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com <mailto:postmaster@gtlaw.com> .

---

From: Connor, Cormac [mailto:cconnor@mckennalong.com]
Sent: Monday, March 05, 2007 12:15 PM
To: Ho, Valerie W. (Shld-LA-LT)
Cc: Christenson, Cass; Ambrozy, Rel; Brzezynski, Lora; Merideth, Frank (Shld-LA-LT); Krietzman, Mark H. (Shld-LA-IP); Hassid, Steve (Assoc-LA-IP); Ho, Valerie W. (Shld-LA-LT)
Subject: 3/5 meet-and-confer


Following up on our 2 pm EST meet-and-confer call today, this email will confirm that you have agreed to provide LPL with legal authority supporting Tatung's stated intention to file motions for protective orders with respect to several of LPL's third party subpoenas. (To that end, you noted that Tatung would not be filing any motions concerning the subpoena issued to CTX.)  You said that you would provide that authority within the hour and I agreed to respond as to whether LPL will change its position based on those authorities by approximately noon EST tomorrow.

Additionally, you stated that Tatung intends to file its motions in the relevant courts on an ex parte basis.  As I stated on the call, LPL objects to Tatung's efforts to file these motions.  If this is the route that Tatung intends to take, please be sure to include citations to legal authority that would support Tatung's filing its proposed motions on an ex parte basis.  If, as it seems to be, Tatung's intention is to file these motions without notice to LPL, then LPL strenuously objects.  LPL demands that Tatung provide LPL with notice of any motions that it files with respect to any issue in this case, including motions pertaining to third party subpoenas.  If you refuse to do so, LPL will raise the matter with the appropriate courts and with the Special Master.

Finally, please let us know where Tatung stands with respect to the discovery deficiencies identified in Cass Christenson's March 4 email to you.

Cormac T. Connor

McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
tel. 202-496-7439
fax 202-496-7756
email: cconnor@mckennalong.com

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.
--------------------------------------------------------

     Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS
under Circular 230, we inform you that any U.S. federal tax advice contained in this
communication (including any attachments), unless otherwise specifically stated, was not
intended or written to be used, and cannot be used, for the purpose of (1) avoiding
penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to
another party any matters addressed herein.


     The information contained in this transmission may contain privileged and
confidential information.  It is intended only for the use of the person(s) named above.
If you are not the intended recipient,  you are hereby notified that any review,
dissemination, distribution or duplication of this communication is strictly prohibited.
If you are not the intended recipient, please contact the sender by reply email and
destroy all copies of the original message. To reply to our email administrator directly,
please send an email to postmaster@gtlaw.com.

--------------------------------------------------------

# EXHIBIT 3

Albany
Atlanta
Brussels
Denver
Los Angeles

New York
Philadelphia
San Diego
San Francisco
Washington, D.C.

# McKenna Long
# & Aldridge LLP
### Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

CORMAC T. CONNOR
(202) 496-7439

EMAIL ADDRESS
cconnor@mckennalong.com

March 12, 2007

**VIA EMAIL AND U.S. MAIL**

Valerie W. Ho, Esq.
Greenberg Traurig LLP
2450 Colorado Avenue
Suite 400E
Santa Monica, CA 90404
hov@gtlaw.com

      Re:    ***LG.Philips LCD Co. v. ViewSonic Corp. et. al.***
              **U.S. District Court Case No. 04-343 JJF**

Dear Valerie:

We learned recently that the Tatung Defendants ("Tatung") have communicated with some, if not all, of the third parties on which LPL has served subpoenas and that, because of these communications, some of those third parties are now refusing to comply with their obligations under the subpoenas. Please immediately produce copies of all correspondence between Tatung and any of the third parties on which LPL has served subpoenas to the extent that those communications pertain to the issues in this case and, particularly, LPL's subpoenas. As you know, we have already submitted a motion seeking expedited review of Tatung's interference with LPL's third party subpoenas, including Tatung's lack of standing to file motions relating to LPL's appropriate third party subpoenas. We intend to raise this issue with the Special Master as soon as possible.

Additionally, although we specifically discussed and objected to Tatung's expressed intent to file motions for protective orders concerning LPL's subpoenas on an *ex parte* basis, you have done so anyway. We also received this afternoon service copies of several such motions that were filed last week, but served on us only via regular mail, even though you are obviously aware of our contact information. One of the principal reasons that we object to Tatung filing its motions without providing proper and prior notice to LPL is that LPL now has no way of knowing when Tatung filed its motions, when Tatung sought to schedule its expedited hearings on those motions, or when LPL must submit any responsive briefing. To further highlight the severity of this problem, you have scheduled three separate hearings – that we know about – for the morning of March 15 in New Jersey, Illinois and Massachusetts. (With respect to the matter in Massachusetts, the clerk there seemed to think that Tatung's hearing request was the result of a stipulation among the parties which, as you know, it was not.)

Valarie W. Ho, Esq.
March 12, 2007
Page 2

Tatung never conferred with us about any hearing dates or times for any of the motions that it has filed. Your motion practice, which did not commence until fully three weeks after LPL served its subpoenas, also happens to coincide with the time that LPL is to begin deposing Tatung's witnesses in California and happens to have commenced with just three weeks remaining in the main fact discovery period. Tatung's efforts to derail LPL's third party discovery by obfuscation and delay are precisely the problems that LPL addressed in its motion to the Special Master on March 9 and LPL will advise the Special Master of these additional developments as soon as possible.

We insist that Tatung immediately provide LPL with a list of all of the subpoenas that it is challenging by filing motions for protective orders and a list of all hearing dates and times that Tatung has unilaterally arranged. Further, we insist that Tatung immediately provide LPL with electronic service copies of everything that it has filed or will file in relation to LPL's third party subpoenas.

Sincerely,

Cormac T. Connor

cc:    Frank Meredith, Esq. (via email)
       Mark Krietzman, Esq. (via email)
       Steve Hassid, Esq. (via email)

DC:50466286.1

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

L.G. PHILIPS LCD CO., LTD.,                    Case No. 04-343-JJF (D. Del.)

      Plaintiff,                    **07-80223
                             CIV-RYSKAMP**

TATUNG COMPANY; TATUNG
COMPANY OF AMERICA, INC.; AND
VIEWSONIC CORPORATION,

      Defendants

      THIS MATTER having been opened to the Court on motion by defendants, the

Tatung Co. and the Tatung Company of America, Inc., by their attorneys, for a protective

order pursuant to Fed. R. Civ. P. 26(c), limiting the scope of discovery from third party

Sensormatic, Inc. ("Sensormatic"); and plaintiff L.G.Philips LCD Co., Ltd., by their

attorneys, having opposed the motion; and the Court having considered the papers

submitted and the arguments presented; and for good cause shown:

      **IT IS HEREBY ORDERED THAT:**

      1.     The motion is GRANTED.

      2.     Any deposition testimony taken from third party Sensormatic shall be

limited to the accused products at issue in *L.G. Philips LCD Co., Ltd. v. Tatung*

*Company, et. al.*, C.A. No. 04-343-JJF (United States District Court for the District of

Delaware) (the "Delaware Action"). Such deposition testimony shall be subject to the

provisions of the Stipulated Protective Order dated January 24, 2005 entered in the

Delaware Action.

      3.     Any documents produced in response to the subpoena by third party

Sensormatic shall be limited to those documents relating to the accused products at issue

in the Delaware Action. Additionally, any documents produced shall be stamped

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER and shall be produced subject

to the Stipulated Protective Order dated January 24, 2005 entered in the Delaware Action,

which is attached hereto as Exhibit 1.

Dated:  March 2, 2007
Boca Raton, Florida

                              United States District Court Judge for the
                              Southern District of Florida

Copies to:    Richard D. Kirk, Esq. (rkirk@bayardfirm.com)
              Gaspare J. Bono, Esq. (gbono@mckennalong.com)
              Jeffrey B. Bove, Esq. (jbove@cblh.com)
              Tracy R. Roman, Esq. (troman@raskinpeter.com)
              Scott R. Miller, Esq. (smiller@cblh.com)
              Frederick L. Cottrell, III, Esq. (Cottrell@RLF.com)
              Frank E. Merideth, Jr., Esq. (meredith@gtlaw.com)
              Geoffrey M. Cahen, Esq. (caheng@gtlaw.com)

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 JAN 24  AM 9: 45

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG PHILIPS LCD CO., LTD , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C A. No. 04-343-JJF |
| v | ) | |
| | ) | |
| TATUNG COMPANY; | ) | |
| TATUNG COMPANY OF AMERICA, | ) | |
| INC. and VIEWSONIC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties stipulate to the following Protective Order, subject to the approval of the Court:

1.    Scope of Protection.

1.1    This Protective Order shall govern any record of information, designated pursuant to Paragraph 2 of this Protective Order, produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery.

1.2    This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or District of Delaware local rule, and any supplementary disclosures thereto.

1.3    This Protective Order shall apply to the parties and any nonparty from whom discovery may be sought and who desires the protection of this Protective Order (collectively herein referred to as a "party" or the "parties").

2.    Designation.

2.1    Each party shall have the right to designate as confidential and subject to this Protective Order any information produced by it in this action which contains, reflects, or

EXHIBIT

_____1_____

otherwise discloses confidential technical, business or financial information ("CONFIDENTIAL information"). This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered confidential under this Protective Order. The parties will use reasonable care to avoid designating any documents or information CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER that are generally available to the public.

2.2    Each party shall have the right to designate as restricted to review by those categories of individuals listed in Paragraphs 4.1(a) - 4.1(e) and subject to this Protective Order any information produced in this action which contains, reflects, or otherwise discloses (1) trade secrets, (2) research and development, manufacturing, operational or other highly sensitive technical information, or (3) highly sensitive business related informaton, such as customer, supplier or financial information (collectively, "HIGHLY SENSITIVE CONFIDENTIAL information"). This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend HIGHLY SENSITIVE CONFIDENTIAL prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered HIGHLY SENSITIVE CONFIDENTIAL under this Protective Order. To the extent that material is marked HIGHLY SENSITIVE CONFIDENTIAL, such material shall be revealed to or used by limited categories of individuals, as provided for in Paragraph 4.2, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed HIGHLY SENSITIVE CONFIDENTIAL, and the same terms regarding confidentiality of these materials shall apply as apply to the originals. Use of this highly restrictive designation is limited to information of the highest sensitivity. The parties will use reasonable care to avoid designating any documents or information HIGHLY SENSITIVE CONFIDENTIAL for which the designating party does not have a good faith belief that the documents or information satisfy the criteria set forth in this Paragraph 2.2. HIGHLY SENSITIVE CONFIDENTIAL information shall be used only for purposecs directly related to this action, and for no other purpose whatsoever, except by consent of all of the parties or order of the Court.

2.3    To the extent that any party has, prior to the date that this Order is entered, produced to the other side materials that the producing party has marked with confidentiality designation, all such materials shall be considered to have been designated under this Order as HIGHLY SENSITIVE CONFIDENTIAL unless otherwise agreed by the Parties

3.    Limit On Use And Disclosure Of Designated Information.

3.1    Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only in connection with the prosecution or defense of this action and for no other purpose, except by consent of the parties or order of the Court. No party or other person shall disclose or release to any person not authorized under this Protective Order any information or document governed by this Protective Order for any purpose, or to any person authorized under this Protective Order for any other purpose.

3.2    It is, however, understood that counsel for a party may give advice and opinions to his or her client in connection with the prosecution or defense of this action based on his or her evaluation of designated confidential information received by the party, provided that such rendering of advice and opinions counsel shall not reveal the content of such information except by prior written agreement with counsel for the producing party.

3.3    The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

4.    Disclosure Of Confidential Material.

4.1    Documents or information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER shall be disclosed by the recipient thereof only to:

(a)    the attorneys who are actively involved in this action that are partners of or employed by the following law firms of record for the parties, and their authorized secretarial, clerical and legal assistant staff: Morris, James, Hitchens & Williams LLP; McKenna, Long & Aldridge LLP; Potter Anderson & Corroon LLP; Bingham McCutchen LLP; Rosethal, Monhait, Gross & Goddess; and Baum & Weems provided that such attorneys shall not be provided access to HIGHLY SENSITIVE CONFIDENTIAL information if such attorneys

(1)    have participated in, directed or supervised any patent prosecution activitiy related to the patents-in-suit or currently participate in, direct or supervise any patent prosecution activity involving (i) flat panel or fllat panel display technology or (ii) technology related or refering to or incorporating flat panels or flat panel displays (collectively, "the Subject Matter"). During the pendency of this litigation and for one year after the full and final conclusion of this litigation, including all appeals, those attorneys at outside counsel for the parties defined above who are provided access to HIGHLY SENSITIVE CONFIDENTIAL materials covered by this order will not participate in, direct or supervise any patent prosecution activity in the United States Patent and Trademark Office or with any patent office outside the United States involving the Subject Matter;

(2)     provide non-legal, business advice or non-legal, business representation or to clients in the flat panel display industry wherein the highly sensitive business-related financial information of any opposing party would be relevant to such non-legal, business advice or non-legal, business representation. During the pendency of this litigation and for one year after the full and final conclusion of this litigation, including all appeals, those attorneys at outside counsel for the parties defined above who are provided access to HIGHLY SENSITIVE CONFIDENTIAL materials covered by this order will not provide non-legal, business advice or non-legal, business representation to clients in the flat panel display industry wherein the highly sensitive business-related information of any opposing party would be relevant to such non-legal, business advice or representation; or

(3)     are related to or have a personal, social relationship with any officer, director or employee of a party

(b)     the Court and Court personnel, as provided in Paragraph 12;

(c)     consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, who are agreed upon by the parties pursuant to Paragraph 6, who are not employees or otherwise affiliated with any of the parties (except persons scheduled to be deposed by any of the parties pursuant to Rule 30(b)(6), Fed.R.Civ.P.), and who first agree to be bound by the terms of this Protective Order;

(d)     court reporters employed in connection with this action;

(e)     outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., translators, graphic designers and animators);

(f)     One member of LG.Philips LCD, Co., Ltd.'s in-house legal staff, provided that each such individual must first agree to be bound by the terms of this Protective Order;

(g)     One member of Viewsonic Corporation's in-house legal staff, provided that each such individual must first agree to be bound by the terms of this Protective Order;

(h)     One member of Tatung Company's in-house legal staff, provided that each such individual must first agree to be bound by the terms of this Protective Order;

(i)     One attorney of Tatung Company of America, Inc.'s regular out-side counsel, provided that each such individual must first agree to be bound by the terms of this Protective Order;

4.2     Documents or information designated HIGHLY SENSITIVE CONFIDENTIAL shall be disclosed by the recipient thereof only to those categories of individuals listed in Paragraphs 11 4.1(a) - 4.1(e) subject to the restrictions therein.

5.    Redaction

Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because it is protected from disclosure under the attorney-client privilege or work product immunity afforded by Rule 26(b), Fed.R.Civ.P. However, any document from which material is masked must identify in the masked area that masking or redaction has occurred. The reason for any such masking must be stated on a log to be provided within thirty (30) days after the production of the documents. Sufficient information regarding the masked material must be provided to the other party to enable it to evaluate the legitimacy of the asserted privilege or immunity. The parties reserve the right to pursue categories for redaction in addition to those identified above, by either consent of the parties or order of the Court, to be addressed on a case-by case basis.

6.    Disclosure to Independent Consultants and Identification of Experts.

6.1    If any party desires to disclose information designated CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL to any expert or consultant pursuant to Paragraph 4 above, it must first identify in writing to the attorneys for the producing party each such expert or consultant. The attorney for the producing party shall have ten (10) business days from receipt of such notice to object to disclosure of such information to any of the experts or consultants so identified.

6.2    Such identification shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae identifying at least all other present and prior employments or consultancies of the expert or consultant in the field of flat panel and flat panel display technologies, and a list of the cases in which the expert or consultant has testified at a deposition, an arbitral hearing or trial within the last four years. The parties shall attempt to resolve any objections informally. If the objections cannot be resolved, the party seeking to disclose the CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information to the expert or consultant may move the Court for an Order allowing the disclosure. On any motion challenging the disclosure of such information to an expert or consultant, the burden of proof shall lie with the party objecting to the disclosure to establish that the information should not be disclosed to the expert or consultant. In the event objections are made and not resolved informally, disclosure of information to the expert or consultant shall not be made except by Order of the Court (or to any limited extent upon which the parties may agree).

7.    Agreement Of Confidentiality.

In no event shall any information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL be disclosed to any person authorized pursuant to Paragraph 4, other than (a) the Court and Court personnel, (b) the parties' attorneys identified in Paragraph 4.1(a) and their authorized secretarial and legal assistant staffs, (c) court reporters, and (d) outside copying and computer services necessary for document handling, until such person has executed a written

Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order. Copies of such Confidentiality Undertakings shall be promptly served on the producing party.

8       Related Documents.

Information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL shall include (a) all documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with Paragrapah 9; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with Paragraph 10.

9.      Designation Of Deposition Transcripts.

9.1     Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (see Paragraph 2.1) as the designating party may direct, or (b) within twenty-one (21) days following the receipt of the transcript of the deposition by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

9.2     All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, HIGHLY SENSITIVE CONFIDENTIAL until the expiration of the period set forth in Paragraph 9.1, and neither the transcript nor the content of the testimony shall be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraph 4.

9.3     The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates CONFIDENTIALSUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to Paragraph 4.

9.4     In addition, to the extent that any document or information that has been designated as either CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL and subject to this Protective Order, such document or information shall not be disclosed to or otherwise used with any witness not currently or previously employed or retained by the producing party during a deposition without at least three (3) calendar days prior notice to the designating party of such potential use in order to permit counsel for the designating party to attend and to take

such action as it deems appropriate to protect the confidentiality of the documents and/or information. Counsel for the parties shall attempt to resolve any objection(s) and they will only seek redress to the Court if no resolution can be reached. However, the receiving party shall not use or otherwise disclose the confidential documents or information subject to such objection at such deposition of a witness not currently or previously employed or retained by the producing party until the Court has ruled upon any such objection(s), provided that the producing party submits the matter to the Court within three (3) calendar days of the parties being unable to resolve the objection(s).

10.     Designation Of Hearing Testimony Or Argument.

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL information, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions. Whenever matter designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

11     Disclosure To Author Or Recipient.

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a party from disclosing a document containing information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL to any person which the document clearly identifies as an author, addressee, or carbon copy recipient of such document, or to any current employee of the producing party who by their testimony indicates they have access to the type of information sought to be disclosed. During deposition or trial testimony, counsel may disclose documents produced by a party to current employees and officers of the producing party who by their testimony indicates they have access to the type of information sought to be disclosed. And regardless of such designation pursuant to this ' Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order

12.     Designation Of Documents Under Seal.

Any information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains or includes

any CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the appropriate legend (see Paragraph 2.1), and a statement substantially in the following form:

This envelope contains documents subject to a Protective Order of the Court. It should be opened only by the Court. Its contents should not be disclosed, revealed or made public except by Order of the Court or written agreement of the parties.

13.     Confidentiality Of Party's Own Documents.

No person may disclose, in public or private, any designated information of another party except as provided for in this Protective Order, but nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge (see Paragraph 16). Similarly, the Protective Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

14.     Other Protections.

14.1     No person shall use any CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information, or information derived therefrom, for purposes other than the prosecution or defense of this action, including without limitation, for purposes of preparing, filing or prosecuting any patent application, continuation or divisional patent application, reissue patent application or request for re-examination.

14.2     Any party may mark any document or thing containing CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information as an exhibit to a deposition, hearing or other proceeding and examine any witness thereon qualified under the terms of this Protective Order to have access to such designated material.

15.     Challenge To Confidentiality.

15.1 This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or (c) applying for a further Order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any designation, and

failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

15.2   On any motion challenging the designation of any information, the burden of proof shall lie with the producing party to establish that the information is, in fact, CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information. If a party seeks declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the party wishing the designated information, the following procedure shall be utilized:

a. The party seeking such declassification or removal shall give counsel of record for the other party written notice thereof specifying the designated information as to which such removal is sought and the reasons for the request; and

b. If, after conferring, the parties cannot reach agreement concerning the matter, then the party requesting the declassification or removal of particular items may file and serve a motion for a further Order of this Court directing that the designation shall be so removed.

16.     Prior Or Public Knowledge.

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

17.     Limitation Of Protective Order

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product doctrine, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

18      Other Proceedings.

By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who may be subject to a motion to disclose another party's CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information pursuant to this order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether such information should be disclosed.

19.     Inadvertent Disclosure Of Work Product Or Privileged Information:

Procedure And Waiver.

19.1    If the producing party at anytime notifies the Non-producing party in writing that it has inadvertently produced documents and/or things that are protected from disclosure under attorney-client privilege, work-product immunity, and/or any other applicable privilege or immunity from disclosure, the non-producing party shall return all copies of such documents and/or things to the producing party within five (5) business days of receipt of such notice and shall not further disclose or use such items for any purpose until further order of the Court. Upon being notified by the producing party pursuant to this section, counsel for the non-producing party shall use his or her best efforts to retrieve all copies of the documents at issue.

19.2    The return of any discovery item to the producing party shall not in any way preclude the non-producing party from moving the Court for a ruling that: (a) the document or thing was never privileged or otherwise immune from disclosure; and/or (b) that any applicable privilege or immunity has been waived.

19.3    Inadvertent or unintentional disclosure of information subject to any privilege or immunity during the course of this litigation without proper designation shall not be deemed a waiver of a claim that disclosed information is in fact subject to a privilege or immunity if so designated within ten (10) business days after the producing party actually learns of the inadvertent or unintentional disclosure.

20.    Non-Party Material.

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of information to the discovering party, are applicable to CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information provided by a non-party. Information provided by a non-party in connection with this action and designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL, pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

21.    Return Of Designated Information.

Within thirty (30) days of final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or certify destruction of, all materials containing information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that (a) any documents or copies which contain, constitute or reflect attorney's work product or attorney-client privilege communications, and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence and written discovery responses may be retained by counsel.

22.    Waiver Or Termination Of Order.

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

23.    Modification Of Order; Prior Agreements.

To the extent the terms of this Protective Order conflict with Local Rule 26.2 or with any agreements between the parties regarding the confidentiality of particular documents or information entered into before the date of this Protective Order, the terms of this Protective Order shall govern, except as to those documents and information produced or disclosed prior to the entry of this Protective Order, which documents and information shall continue to be governed by the terms of such prior agreements or by the provisions of Local Rule 26.2, as applicable.

24.    Section Captions.

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the

Order.

Dated: December        , 2004

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LG PHILIPS LCD CO., LTD.,    )
                             )
Plaintiff,                   )
                             )    C.A. No. 04-343-JJF
v.                           )
                             )
TATUNG COMPANY;              )
TATUNG COMPANY OF AMERICA,   )
INC. and VIEWSONIC CORPORATION, )
                             )
Defendants                   )

CONFIDENTIALITY UNDERTAKING

I certify that I have read the Protective Order in this action and that I fully understand the terms of the Order. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order and waive any venue objection with respect to any such proceedings.

EXECUTED this    day of _____, _____.

Name

Affiliation

Business Address

## CERTIFICATE OF SERVICE

I, Jeffrey S. Goddess, hereby certify that on January 24, 2005, I caused two copies of the foregoing document to be served as follows:

(VIA E-MAIL)           Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue #900
P. O. Box 25130
Wilmington, DE 19899
Attorneys for Plaintiff L.G. Philips LCD Co., Ltd.

(VIA E-MAIL)           Richard L. Horwitz, Esquire
Potter Anderson & Corroon, LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE 19899

(VIA E-MAIL)           Cass W. Christenson, Esquire
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006

(VIA E-MAIL)           Tracy Roman, Esquire
Bingham McCutchen
355 S. Grand Ave., 44th Floor
Los Angeles, CA 90071

JEFFREY S. GODDESS (No. 630)

# EXHIBIT 5

# Greenberg
# Traurig

Clark P. Russell
(973) 360-7931
russellc@gtlaw.com

March 13, 2007

VIA FEDERAL EXPRESS

Hon. Mary L. Cooper, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building and U.S. Courthouse
402 East State Street, Room 5000
Trenton, New Jersey 08608

      Re:    <u>LG. Philips LCD Co., Ltd. v. Tatung Company, et al</u>
             New Jersey District Court No. 3:07-cv-1140

Dear Judge Cooper:

    We represent defendants Tatung Company and Tatung Company of America, Inc. (the "Tatung Defendants") in the above-referenced matter.

    Please be advised that Judge Riskamp of the Southern District of Florida just granted the Tatung Defendants their motion for a protective order on nearly identical facts. A copy is enclosed for your reference.

    Thank you for your courtesies.

Respectfully submitted,

Clark P. Russell

CPR:cgc
Enclosure
cc:   Richard D. Kirk, Esq. (w/enc., via e-mail)
      Gaspare J. Bono, Esq. (w/enc., via e-mail)
      Jeffrey B. Bove, Esq. (w/enc., via e-mail)
      Frederick L. Cottrell III, Esq. (w/enc., via e-mail)
      Valerie W. Ho, Esq. (w/enc., via e-mail)
      Scott R. Miller, Esq. (w/enc., via e-mail)
      Tracy Roman, Esq. (w/enc., via e-mail)

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH

*Strategic Alliance
Tokyo: Pro-Strategic Alliance

Greenberg Traurig, LLP | Attorneys at Law | 200 Park Avenue | P.O. Box 677 | Florham Park, NJ 07932-0677
Tel 973.360.7900 | Fax 973.301.8410          www.gtlaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

L.G. PHILIPS LCD CO., LTD.,                     Case No. 04-343-JJF (D. Del.)

    Plaintiff,

TATUNG COMPANY; TATUNG
COMPANY OF AMERICA, INC.; AND
VIEWSONIC CORPORATION,

    Defendants

       THIS MATTER having been opened to the Court on motion by defendants, the

Tatung Co. and the Tatung Company of America, Inc., by their attorneys, for a protective

order pursuant to Fed. R. Civ. P. 26(c), limiting the scope of discovery from third party

Sensormatic, Inc. ("Sensormatic"); and plaintiff L.G.Philips LCD Co., Ltd., by their

attorneys, having opposed the motion; and the Court having considered the papers

submitted and the arguments presented; and for good cause shown:

    **IT IS HEREBY ORDERED THAT:**

    1.    The motion is GRANTED.

    2.    Any deposition testimony taken from third party Sensormatic shall be

limited to the accused products at issue in *L.G. Philips LCD Co., Ltd. v. Tatung*

*Company, et. al.*, C.A. No. 04-343-JJF (United States District Court for the District of

Delaware) (the "Delaware Action"). Such deposition testimony shall be subject to the

provisions of the Stipulated Protective Order dated January 24, 2005 entered in the

Delaware Action.

    3.    Any documents produced in response to the subpoena by third party

Sensormatic shall be limited to those documents relating to the accused products at issue

in the Delaware Action. Additionally, any documents produced shall be stamped

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER and shall be produced subject

to the Stipulated Protective Order dated January 24, 2005 entered in the Delaware Action,

which is attached hereto as Exhibit 1.

Dated:  March 9, 2007
~~Boca Raton~~, Florida
WPB

United States District Court Judge for the
Southern District of Florida

Copies to:    Richard D. Kirk, Esq. (rkirk@bayardfirm.com)
              Gaspare J. Bono, Esq. (gbono@mckennalong.com)
              Jeffrey B. Bove, Esq. (jbove@cblh.com)
              Tracy R. Roman, Esq. (troman@raskinpeter.com)
              Scott R. Miller, Esq. (smiller@cblh.com)
              Frederick L. Cottrell, III, Esq. (Cottrell@RLF.com)
              Frank E. Merideth, Jr., Esq. (meredith@gtlaw.com)
              Geoffrey M. Cahen, Esq. (caheng@gtlaw.com)

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 JAN 24  AM 9: 45

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LG PHILIPS LCD CO., LTD ,          )
                                   )
Plaintiff,                         )
                                   )        C A. No. 04-343-JJF
v                                  )
                                   )
TATUNG COMPANY;                    )
TATUNG COMPANY OF AMERICA,         )
INC and VIEWSONIC CORPORATION,     )
                                   )
Defendants.                        )

STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties stipulate to the
following Protective Order, subject to the approval of the Court:

1.    Scope of Protection.

1.1     This Protective Order shall govern any record of information, designated pursuant
to Paragraph 2 of this Protective Order, produced in this action, including all designated
deposition testimony, all designated testimony taken at a hearing or other proceeding,
interrogatory answers, documents and other discovery materials, whether produced
informally or in response to interrogatories, requests for admissions, requests for
production of documents or other formal method of discovery.

1.2     This Protective Order shall also govern any designated record of information
produced in this action pursuant to required disclosures under any federal procedural rule
or District of Delaware local rule, and any supplementary disclosures thereto.

1.3     This Protective Order shall apply to the parties and any nonparty from whom
discovery may be sought and who desires the protection of this Protective Order
(collectively herein referred to as a "party" or the "parties").

2     Designation.

2.1     Each party shall have the right to designate as confidential and subject to this
Protective Order any information produced by it in this action which contains, reflects, or



otherwise discloses confidential technical, business or financial information ("CONFIDENTIAL information") This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered confidential under this Protective Order. The parties will use reasonable care to avoid designating any documents or information CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER that are generally available to the public.

2.2    Each party shall have the right to designate as restricted to review by those categories of individuals listed in Paragraphs 4.1(a) - 4.1(e) and subject to this Protective Order any information produced in this action which contains, reflects, or otherwise discloses (1) trade secrets, (2) research and development, manufacturing, operational or other highly sensitive technical information, or (3) highly sensitive business related information, such as customer, supplier or financial information (collectively, "HIGHLY SENSITIVE CONFIDENTIAL information"). This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend HIGHLY SENSITIVE CONFIDENTIAL prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered HIGHLY SENSITIVE CONFIDENTIAL under this Protective Order. To the extent that material is marked HIGHLY SENSITIVE CONFIDENTIAL, such material shall be revealed to or used by limited categories of individuals, as provided for in Paragraph 4.2, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed HIGHLY SENSITIVE CONFIDENTIAL, and the same terms regarding confidentiality of these materials shall apply as apply to the originals. Use of this highly restrictive designation is limited to information of the highest sensitivity. The parties will use reasonable care to avoid designating any documents or information HIGHLY SENSITIVE CONFIDENTIAL for which the designating party does not have a good faith belief that the documents or information satisfy the criteria set forth in this Paragraph 2.2. HIGHLY SENSITIVE CONFIDENTIAL information shall be used only for purposes directly related to this action, and for no other purpose whatsoever, except by consent of all of the parties or order of the Court.

2.3    To the extent that any party has, prior to the date that this Order is entered, produced to the other side materials that the producing party has marked with confidentiality designation, all such materials shall be considered to have been designated under this Order as HIGHLY SENSITIVE CONFIDENTIAL unless otherwise agreed by the Parties

3.    Limit On Use And Disclosure Of Designated Information.

3.1     Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only in connection with the prosecution or defense of this action and for no other purpose, except by consent of the parties or order of the Court. No party or other person shall disclose or release to any person not authorized under this Protective Order any information or document governed by this Protective Order for any purpose, or to any person authorized under this Protective Order for any other purpose.

3.2     It is, however, understood that counsel for a party may give advice and opinions to his or her client in connection with the prosecution or defense of this action based on his or her evaluation of designated confidential information received by the party, provided that such rendering of advice and opinions counsel shall not reveal the content of such information except by prior written agreement with counsel for the producing party

3.3     The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

4.     Disclosure Of Confidential Material.

4.1     Documents or information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER shall be disclosed by the recipient thereof only to:

(a)     the attorneys who are actively involved in this action that are partners of or employed by the following law firms of record for the parties, and their authorized secretarial, clerical and legal assistant staff: Morris, James, Hitchens & Williams LLP; McKenna, Long & Aldridge LLP; Potter Anderson & Corroon LLP; Bingham McCutchen LLP; Rosethal, Monhait, Gross & Goddess; and Baum & Weems provided that such attorneys shall not be provided access to HIGHLY SENSITIVE CONFIDENTIAL information if such attorneys

    (1)     have participated in, directed or supervised any patent prosecution activitiy related to the patents-in-suit or currently participate in, direct or supervise any patent prosecution activity involving (i) flat panel or fllat panel display technology or (ii) technology related or refeiing to or incorporating flat panels or flat panel displays (collectively, "the Subject Matter"). During the pendency of this litigation and for one year after the full and final conclusion of this litigation, including all appeals, those attorneys at outside counsel for the parties defined above who are provided access to HIGHLY SENSITIVE CONFIDENTIAL materials covered by this order will not participate in, direct or supervise any patent prosecution activity in the United States Patent and Trademark Office or with any patent office outside the United States involving the Subject Matter;

(2)    provide non-legal, business advice or non-legal, business representation or to clients in the flat panel display industry wherein the highly sensitive business-related financial information of any opposing party would be relevant to such non-legal, business advice or non-legal, business representation. During the pendency of this litigation and for one year after the full and final conclusion of this litigation, including all appeals, those attorneys at outside counsel for the parties defined above who are provided access to HIGHLY SENSITIVE CONFIDENTIAL materials covered by this order will not provide non-legal, business advice or non-legal, business representation to clients in the flat panel display industry wherein the highly sensitive business-related information of any opposing party would be relevant to such non-legal, business advice or representation; or

(3)    are related to or have a personal, social relationship with any officer, director or employee of a party

(b)    the Court and Court personnel, as provided in Paragraph 12;

(c)    consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, who are agreed upon by the parties pursuant to Paragraph 6, who are not employees or otherwise affiliated with any of the parties (except persons scheduled to be deposed by any of the parties pursuant to Rule 30(b)(6), Fed.R Civ P.), and who first agree to be bound by the terms of this Protective Order;

(d)    court reporters employed in connection with this action;

(e)    outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., translators, graphic designers and animators);

(f)    One member of LG.Philips LCD, Co., Ltd.'s in-house legal staff, provided that each such individual must first agree to be bound by the terms of this Protective Order;

(g)    One member of Viewsonic Corporation's in-house legal staff, provided that each such individual must first agree to be bound by the terms of this Protective Order;

(h)    One member of Tatung Company's in-house legal staff, provided that each such individual must first agree to be bound by the terms of this Protective Order;

(i)    One attorney of Tatung Company of America, Inc.'s regular out-side counsel, provided that each such individual must first agree to be bound by the terms of this Protective Order;

4 2    Documents or information designated HIGHLY SENSITIVE CONFIDENTIAL shall be disclosed by the recipient thereof only to those categories of individuals listed in Paragraphs 11 4.1(a) - 4.1(e) subject to the restrictions therein.

5.     Redaction

Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because it is protected from disclosure under the attorney-client privilege or work product immunity afforded by Rule 26(b), Fed.R.Civ.P. However, any document from which material is masked must identify in the masked area that masking or redaction has occurred. The reason for any such masking must be stated on a log to be provided within thirty (30) days after the production of the documents. Sufficient information regarding the masked material must be provided to the other party to enable it to evaluate the legitimacy of the asserted privilege or immunity. The parties reserve the right to pursue categories for redaction in addition to those identified above, by either consent of the parties or order of the Court, to be addressed on a case-by case basis.

6.     Disclosure to Independent Consultants and Identification of Experts

6.1     If any party desires to disclose information designated CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL to any expert or consultant pursuant to Paragraph 4 above, it must first identify in writing to the attorneys for the producing party each such expert or consultant. The attorney for the producing party shall have ten (10) business days from receipt of such notice to object to disclosure of such information to any of the experts or consultants so identified.

6.2     Such identification shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae identifying at least all other present and prior employments or consultancies of the expert or consultant in the field of flat panel and flat panel display technologies, and a list of the cases in which the expert or consultant has testified at a deposition, an arbitral hearing or trial within the last four years. The parties shall attempt to resolve any objections informally. If the objections cannot be resolved, the party seeking to disclose the CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information to the expert or consultant may move the Court for an Order allowing the disclosure. On any motion challenging the disclosure of such information to an expert or consultant, the burden of proof shall lie with the party objecting to the disclosure to establish that the information should not be disclosed to the expert or consultant. In the event objections are made and not resolved informally, disclosure of information to the expert or consultant shall not be made except by Order of the Court (or to any limited extent upon which the parties may agree).

7.     Agreement Of Confidentiality.

In no event shall any information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL be disclosed to any person authorized pursuant to Paragraph 4, other than (a) the Court and Court personnel, (b) the parties' attorneys identified in Paragraph 4.1(a) and their authorized secretarial and legal assistant staffs, (c) court reporters, and (d) outside copying and computer services necessary for document handling, until such person has executed a written

Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order. Copies of such Confidentiality Undertakings shall be promptly served on the producing party.

8     Related Documents.

Information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL shall include (a) all documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with Paragrapah 9; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with Paragraph 10.

9.     Designation Of Deposition Transcripts.

9.1     Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (see Paragraph 2.1) as the designating party may direct, or (b) within twenty-one (21) days following the receipt of the transcript of the deposition by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

9.2     All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, HIGHLY SENSITIVE CONFIDENTIAL until the expiration of the period set forth in Paragraph 9.1, and neither the transcript nor the content of the testimony shall be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraph 4.

9.3     The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates CONFIDENTIALSUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to Paragraph 4.

9.4     In addition, to the extent that any document or information that has been designated as either CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL and subject to this Protective Order, such document or information shall not be disclosed to or otherwise used with any witness not currently or previously employed or retained by the producing party during a deposition without at least three (3) calendar days prior notice to the designating party of such potential use in order to permit counsel for the designating party to attend and to take

such action as it deems appropriate to protect the confidentiality of the documents and/or information. Counsel for the parties shall attempt to resolve any objection(s) and they will only seek redress to the Court if no resolution can be reached. However, the receiving party shall not use or otherwise disclose the confidential documents or information subject to such objection at such deposition of a witness not currently or previously employed or retained by the producing party until the Court has ruled upon any such objection(s), provided that the producing party submits the matter to the Court within three (3) calendar days of the parties being unable to resolve the objection(s).

10.     Designation Of Hearing Testimony Or Argument.

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL information, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions. Whenever matter designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

11      Disclosure To Author Or Recipient.

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a party from disclosing a document containing information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL to any person which the document clearly identifies as an author, addressee, or carbon copy recipient of such document, or to any current employee of the producing party who by their testimony indicates they have access to the type of information sought to be disclosed. During deposition or trial testimony, counsel may disclose documents produced by a party to current employees and officers of the producing party who by their testimony indicates they have access to the type of information sought to be disclosed. And regardless of such designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order

12.     Designation Of Documents Under Seal.

Any information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains or includes

any CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the appropriate legend (see Paragraph 2.1), and a statement substantially in the following form:

This envelope contains documents subject to a Protective Order of the Court. It should be opened only by the Court. Its contents should not be disclosed, revealed or made public except by Order of the Court or written agreement of the parties.

13.    Confidentiality Of Party's Own Documents.

No person may disclose, in public or private, any designated information of another party except as provided for in this Protective Order, but nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge (see Paragraph 16). Similarly, the Protective Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

14.    Other Protections.

14.1    No person shall use any CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information, or information derived therefrom, for purposes other than the prosecution or defense of this action, including without limitation, for purposes of preparing, filing or prosecuting any patent application, continuation or divisional patent application, reissue patent application or request for re-examination.

14.2    Any party may mark any document or thing containing CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information as an exhibit to a deposition, hearing or other proceeding and examine any witness thereon qualified under the terms of this Protective Order to have access to such designated material.

15.    Challenge To Confidentiality.

15.1 This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or (c) applying for a further Order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any designation, and

failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

15.2   On any motion challenging the designation of any information, the burden of proof shall lie with the producing party to establish that the information is, in fact, CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information. If a party seeks declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the party wishing the designated information, the following procedure shall be utilized:

a. The party seeking such declassification or removal shall give counsel of record for the other party written notice thereof specifying the designated information as to which such removal is sought and the reasons for the request; and

b. If, after conferring, the parties cannot reach agreement concerning the matter, then the party requesting the declassification or removal of particular items may file and serve a motion for a further Order of this Court directing that the designation shall be so removed.

16.   Prior Or Public Knowledge.

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

17.   Limitation Of Protective Order.

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product doctrine, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

18.   Other Proceedings.

By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who may be subject to a motion to disclose another party's CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information pursuant to this order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether such information should be disclosed.

19.   Inadvertent Disclosure Of Work Product Or Privileged Information:

Procedure And Waiver.

19.1    If the producing party at anytime notifies the Non-producing party in writing that it has inadvertently produced documents and/or things that are protected from disclosure under attorney-client privilege, work-product immunity, and/or any other applicable privilege or immunity from disclosure, the non-producing party shall return all copies of such documents and/or things to the producing party within five (5) business days of receipt of such notice and shall not further disclose or use such items for any purpose until further order of the Court. Upon being notified by the producing party pursuant to this section, counsel for the non-producing party shall use his or her best efforts to retrieve all copies of the documents at issue.

19.2    The return of any discovery item to the producing party shall not in any way preclude the non-producing party from moving the Court for a ruling that: (a) the document or thing was never privileged or otherwise immune from disclosure; and/or (b) that any applicable privilege or immunity has been waived.

19.3    Inadvertent or unintentional disclosure of information subject to any privilege or immunity during the course of this litigation without proper designation shall not be deemed a waiver of a claim that disclosed information is in fact subject to a privilege or immunity if so designated within ten (10) business days after the producing party actually learns of the inadvertent or unintentional disclosure.

20.    Non-Party Material.

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of information to the discovering party, are applicable to CONFIDENTIAL or HIGHLY SENSITIVE CONFIDENTIAL information provided by a non-party  Information provided by a non-party in connection with this action and designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL, pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

21.    Return Of Designated Information.

Within thirty (30) days of final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or certify destruction of, all materials containing information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY SENSITIVE CONFIDENTIAL, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that (a) any documents or copies which contain, constitute or reflect attorney's work product or attorney-client privilege communications, and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence and written discovery responses may be retained by counsel.

22.    Waiver Or Termination Of Order.

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

23.    Modification Of Order; Prior Agreements.

To the extent the terms of this Protective Order conflict with Local Rule 26.2 or with any agreements between the parties regarding the confidentiality of particular documents or information entered into before the date of this Protective Order, the terms of this Protective Order shall govern, except as to those documents and information produced or disclosed prior to the entry of this Protective Order, which documents and information shall continue to be governed by the terms of such prior agreements or by the provisions of Local Rule 26.2, as applicable.

24.    Section Captions.

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the

Order.

Dated: December    , 2004

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG PHILIPS LCD CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No  04-343-JJF |
| v. | ) | |
| | ) | |
| TATUNG COMPANY; | ) | |
| TATUNG COMPANY OF AMERICA, | ) | |
| INC. and VIEWSONIC CORPORATION, | ) | |
| | ) | |
| Defendants | ) | |

CONFIDENTIALITY UNDERTAKING

I certify that I have read the Protective Order in this action and that I fully understand the terms of the Order. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order and waive any venue objection with respect to any such proceedings.

EXECUTED this     day of _____, _____.

Name

Affiliation

Business Address

## CERTIFICATE OF SERVICE

I, Jeffrey S. Goddess, hereby certify that on January 24, 2005, I caused two

copies of the foregoing document to be served as follows:

(VIA E-MAIL)            Richard D. Kirk, Esquire
                                The Bayard Firm
                                222 Delaware Avenue #900
                                P. O. Box 25130
                                Wilmington, DE 19899
                                Attorneys for Plaintiff L.G. Philips LCD Co., Ltd.

(VIA E-MAIL)            Richard L. Horwitz, Esquire
                                  Potter Anderson & Corroon, LLP
                                1313 N. Market Street
                                Hercules Plaza, 6th Floor
                                P. O. Box 951
                                Wilmington, DE 19899

(VIA E-MAIL)            Cass W. Christenson, Esquire
                                  McKenna Long & Aldridge LLP
                                1900 K Street, NW
                                Washington, DC 20006

(VIA E-MAIL)            Tracy Roman, Esquire
                                  Bingham McCutchen
                                355 S. Grand Ave., 44th Floor
                                Los Angeles, CA 90071

_____
JEFFREY S. GODDESS (No. 630)

# EXHIBIT 6

# Greenberg
# Traurig

Clark P. Russell
(973) 360-7931
russellc@gtlaw.com

March 12, 2007

VIA FEDERAL EXPRESS

Hon. Mary L. Cooper, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building and U.S. Courthouse
402 East State Street, Room 5000
Trenton, New Jersey 08608

Re:    In re Notice of Fed.R.Civ.P. 30(b)(6) Deposition Duces Tecum and
       Fed.R.Civ.P. 45 Service of Subpoena on Tyco International, Ltd.

Dear Judge Cooper:

We represent defendants Tatung Company and Tatung Company of America, Inc. (the "Tatung Defendants") in LG. Philips LCD Co., Ltd. v. Tatung Company, et al., Civil Action No. 04-343 (JJF), a patent infringement matter pending in Federal Court for the District of Delaware.  On March 9, 2007, we caused to be e-filed a motion for a protective order (the "Motion"), seeking to limit plaintiff's above-referenced subpoena.

As requested, enclosed please find a courtesy copy of the Motion, which includes a Civil Cover Sheet, The Tatung Defendants' Memorandum of Law in Support, The Tatung Defendants' Rule 7.1 Statement, Certification of Counsel, Declaration of Jackson Chang, proposed Protective Order and Certificate of Service.

Thank you for your courtesies.

Respectfully submitted,

Clark P. Russell

CPR:cgc
Enclosures
cc:    Richard D. Kirk, Esq. (w/o encls., via e-mail)
       Gaspare J. Bono, Esq. (w/o encls., via e-mail)
       Jeffrey B. Bove, Esq. (w/o encls., via e-mail)
       Frederick L. Cottrell III, Esq. (w/o encls., via e-mail)
       Valerie W. Ho, Esq. (w/o encls., via e-mail) )
       Scott R. Miller, Esq. (w/o encls., via e-mail)
       Tracy Roman, Esq. (w/o encls., via e-mail)

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo Office/Strategic Alliance

LA 126744923 v 1    Greenberg Traurig, LLP | Attorneys at Law | 200 Park Avenue | P.O. Box 677 | Florham Park, NJ 07932-0677
Tel 973.360.7900 | Fax 973.301.8410

www.gtlaw.com

# EXHIBIT 7

## Klevens, Shari

| | |
|---|---|
| **From:** | Dick Kirk [rkirk@bayardfirm.com] |
| **Sent:** | Tuesday, March 13, 2007 11:45 AM |
| **To:** | Anne Shea Gaza; Frank C. Merideth, Jr.; Frederick L. Cottrell; Jaclyn Mason; Jeff Bove; Jim Heisman; JP Hong; Mark Krietzman; Monika Bialas; Scott Miller; Steve Hassid; Tracy Roman; Valerie Ho |
| **Cc:** | Connor, Cormac; Klevens, Shari |
| **Subject:** | FW: Tatung/Philips |
| **Attachments:** | Tatung Mtn for PO.pdf; Tatung Mtn for PO Exh. 1.pdf; Tatung Mtn for PO Exh. 2.pdf; Tatung Mtn for PO Exh. 3.pdf; Tatung Mtn for PO Exh. 4.pdf; Tatung Order re PO.pdf; Tatung Order re PO.pdf; Tatung Cert of Compliance.pdf; Tatung Request for Expedited Hearing.pdf |

Dear counsel: This email is an example of the problem. The sender left off the two McKenna Long recipients we mentioned on the call yesterday, Cormac Connor and Shari Klevens. Nor is this the expanded email list we agreed to last week. PLEASE update your email lists.

Dick Kirk

---

**From:** foxl@gtlaw.com [mailto:foxl@gtlaw.com]
**Sent:** Monday, March 12, 2007 6:55 PM
**To:** Dick Kirk; gbono@mckennalong.com; rambrozy@mckennalong.com; cchristenson@mckennalong.com; lbrzezynski@mckennalong.com; jbove@cblh.com; jheisman@cblh.com; jmason@cblh.com; troman@raskinpeter.com; Cottrell@RLF.com; Gaza@RLF.com; MeridethF@GTLAW.com; HoV@GTLAW.com; KrietzmanM@GTLAW.com; HassidS@gtlaw.com
**Cc:** WarshawskyK@gtlaw.com
**Subject:** Tatung/Philips

Please see attached documents.

Lisa M. Fox
Secretary to Brian J. Schulman and
André H. Merrett
Greenberg Traurig, LLP
2375 E. Camelback Rd., Ste. 700
Phoenix, AZ 85016
(602) 445-8000
fax (602) 445-8100
foxl@gtlaw.com

---

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If

you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

-----------------------------------
IRS Circular 230 DISCLOSURE:
Notice regarding federal tax matters: Internal Revenue Service Circular 230 requires us to state herein that any federal tax advice set forth in this communication (1) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed by federal tax laws, and (2) cannot be used in promoting, marketing, or recommending to another person any transaction or matter addressed herein.
-----------------------------------
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT 8

**Klevens, Shari**

---

**From:**       Piraino, Russ [russ.piraino@tycoelectronics.com]
**Sent:**       Thursday, March 08, 2007 3:06 PM
**To:**         Klevens, Shari
**Subject:**    RE: LG.Philips LCD Co., Ltd. v. Tatung, et al., C.A. No. 04-343-JJF


Shari:

I understand that Phillips intends to file a motion for protective order
with regard to this subpoena.  In light of this, Tyco will await the
disposition of this motion by the court before providing any material in
response to the subpoena.  Thank you.

Russ Piraino

-----Original Message-----
From: Klevens, Shari [mailto:sklevens@mckennalong.com]
Sent: Thursday, March 01, 2007 3:27 PM
To: Piraino, Russ
Subject: LG.Philips LCD Co., Ltd. v. Tatung, et al., C.A. No. 04-343-JJF

Dear Russ:
This email is a follow up to our discussion this afternoon regarding
Plaintiff LG.Philips LCD Co., Ltd.'s ("LG") third party subpoena
("Subpoena") to Tyco International, Ltd. ("Tyco") in the referenced action.
I understand that your investigation related to the Subpoena has revealed
that Tyco does not merely resell products purchased from Tatung and
ViewSonic, but rather that any Tatung and/or ViewSonic products are
incorporated into a limited number of custom-made products manufactured and
sold by Tyco.  I further understand that such purchases account for less
than 1% of Tyco's overall products sold.
In light of the above, LG is willing to limit its document requests if Tyco
is willing to fully comply with the Subpoena as limited to the
following:
1. A sales summary consisting of a printout from Tyco's sales database.
The summary should reflect the purchase price, brand name, model number,
quantity, and sales price of the products sold by Tyco and a sales summary
showing all of this information for the products purchased by Tyco from
each defendant.  These documents should also show the correlation between
the Tatung or ViewSonic model number and Tyco's model numbers.
2. All contracts, supply agreements, and licenses between Tyco and Tatung
or ViewSonic.
3. Documents related to the technical specifications, manufacturing, or
assembly of Tatung and ViewSonic products, including any drawings and/or
narrative descriptions of same.
4. Documents sufficient to identify OEMs or ODMs that manufactured Tyco's
products incorporating visual display products manufactured by Tatung or
Viewsonic, agreements or other documents that mention Tatung or ViewSonic
between Tyco and any OEMs, and documents sufficient to show that Tatung or
ViewSonic had knowledge of such agreements (such as correspondence with
Tatung or ViewSonic).
5. Documents relating to product support or service on Tyco's visual
display products provided by Tatung or ViewSonic through a warranty or

otherwise, including documents reflecting warranties provided by Tatung or ViewSonic, and documents reflecting any type of repair assistance or help desk assistance, including setting up repair centers in the US.

As we discussed, we agree to extend Tyco's deadline for producing the requested documents until March 12, 2007. Further, after a review of the documents produced by Tyco in response to the Subpoena, we will determine whether a deposition, currently scheduled on March 19, will be necessary. We are hopeful that a deposition will not be required, especially if we can obtain an affidavit from Tyco in lieu of deposition testimony.

Please contact me if you have any further questions.

Regards,
Shari


Shari L. Klevens
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
tel 202.496.7612
fax 202.496.7756


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.