1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

HON. MARSH J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

LG PHILIPS LCD CO.,

                 Plaintiff,

      v.

TATUNG CO., TATUNG CO. OF
AMERICA INC.,
and VIEWSONIC CORP.,

              Defendants.

No. C07-0398

REPLY TO LPL'S OPPOSITION TO
THE TATUNG DEFENDANTS'
MOTION FOR PROTECTIVE ORDER

REPLY TO LPL'S OPPOSITION TO THE
TATUNG DEFENDANTS' MOTION FOR
PROTECTIVE ORDER
NO. C07-0398

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

## I.    INTRODUCTION

On March 16, 2007, the Special Master in the District of Delaware, in which this case is pending (the "Main Case"), stated his intention to limit discovery to only accused products. Plaintiff LPL should not be permitted to circumvent the Special Master's impending ruling by seeking via third party subpoenas the very information that that the Special Master has determined it is not entitled to obtain.

Moreover, LPL never addresses one salient issue - why confidential customer information relating to hundreds of *unaccused* products is remotely relevant to this case. Instead, LPL resorts to frivolous arguments and accusations in an attempt to mislead the Court and to obfuscate the real issue. Simply put, under well established case law, a patentee like LPL has no right to embark on a fishing expedition by issuing subpoenas to an accused infringer's customers for confidential information that is not relevant to the case.

Accordingly, the Tatung Defendants respectfully request that this Court either grant their motion for protective order limiting the scope of discovery sought from their customers to the accused products, or transfer this motion to the District of Delaware. In light of the Special Master's statements at the March 16 hearing, it would be more efficient for this Court to simply grant the motion, thereby immediately allowing third party depositions regarding the *accused* products to proceed.

## II.    ARGUMENT

**A.    The Special Master In The Main Case Stated That He Will Limit Discovery To The Accused Products.**

On March 16, 2007, in a telephonic hearing in the Main Case, the Special Master indicated that he will rule in the Tatung Defendants' favor and will limit discovery to the products specifically accused by LPL of infringing the Patents-in-Suit. He further stated that he will issue written recommendations shortly.

SPECIAL MASTER POPPITI: . . .You can expect, and I said it to you last
week, but, quite frankly, I wasn't able to turn to it and get to it this week,
you will get a finding and recommendation. It's important that it be as

REPLY TO LPL'S OPPOSITION TO THE
TATUNG DEFENDANTS' MOTION FOR
PROTECTIVE ORDER
NO. C07-0398 – Page 1

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

careful -- they all should be careful -- but in more depth in terms of its analysis of dealing with the issue accused/unaccused. But by virtue of what has been going on, **I am telling you that the discovery is going to be, absent something earth shattering that I consider in the next number of days, it's going to be limited to accused products.**

Now, perhaps I should have done that earlier, and I will even go so far as to suggest, by perhaps doing it earlier in terms of giving you an indication or an inclination on the record, you would have been able to, perhaps, discuss the issue in a meet and confer more meaningfully, and you would have had the opportunity and **you now may have that opportunity to share a Special Master's inclination with other jurisdictions that you will be working in.**

(Rough Transcript of Hearing at 19-20 at Exh. A (emphasis added).)[1]

The Special Master further noted that LPL had provided no authority for the proposition that he could order the Tatung Defendants to withdraw their motions for protective order. (*Id.* at 11-12.)

**B.    The Court Should Grant The Tatung Defendants' Motion Or Transfer The Motion To The District Of Delaware.**

The Tatung Defendants have no objections to transferring the motion to the Delaware Court. In fact, the Tatung Defendants originally had proposed to LPL that the motions be consolidated before the Special Master in the Main Case, *but LPL refused*, contending that the Special Master's rulings would not be binding on third parties. (*See id.* at 8 & 17.) In light of LPL's refusal to have the motions heard by the Delaware Court, it is beyond hypocritical for LPL to now complain that the Tatung Defendants filed their motions in 15 different districts.

However, in light of the Special Master's statements at the March 16 hearing, the Tatung Defendants believe it would be more efficient for this Court to simply grant the Tatung Defendants' motion and limit the discovery sought from the third party customer to accused products. That is what the Special Master will do if the motion were transferred to his Court and that is presumably why he wanted to give the parties the "opportunity to share

---

[1] All Exhibits are attached to the Declaration of Charlene L. Oh ("Oh Decl.").

REPLY TO LPL'S OPPOSITION TO THE
TATUNG DEFENDANTS' MOTION FOR
PROTECTIVE ORDER
NO. C07-0398 – Page 2

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

a Special Master's inclination with other jurisdictions that you will be working in." Granting the motion now would allow the parties to immediately proceed with third party depositions regarding products at issue.

**C.    Other Districts Have Granted The Tatung Defendants' Motions.**

On March 12, 2007, the Southern District of Florida granted the Tatung Defendants' motion regarding the subpoena issued to Sensormatic, Inc. (Order at Exh. B.) The Court barred discovery relating to unaccused products.[2] On March 15, 2007, the District of Minnesota stayed discovery from Best Buy, Co., Inc. regarding unaccused products pending a ruling from the Special Master. (Order at Exh. C.) On March 15, 2007, the District of New Jersey issued a similar ruling with respect to the Tyco International, Ltd. subpoena.[3]

**D.    The Tatung Defendants Have Standing To Seek A Protective Order Under Federal Rule Of Civil Procedure 26(c).**

While acknowledging that the Tatung Defendants' motion is filed pursuant to *Rule 26(c)*, LPL nevertheless resorts to citing inapposite case law under *Rule 45* for the proposition that the Tatung Defendants do not have standing to file this motion. The Tatung Defendants have repeatedly informed LPL (including during the meet and confer) that their motions are made pursuant to Rule 26(c). However, LPL has continued to deliberately misconstrue the Tatung Defendants' position in order to manufacture a non-existing standing argument.[4]

---

[2] LPL has filed a motion for reconsideration with the Florida Court. The Tatung Defendants will oppose this motion.

[3] The District of New Jersey has not yet issued an order. On March 16, 2007, the Northern District of California denied the Tatung Defendants' motion regarding LPL's subpoena to Safeway. The Tatung Defendants intend to file a motion for reconsideration based on the Special Master's statements at the March 16, 2007 hearing.

[4] For example, LPL states in its opposition that the Tatung Defendants are asserting objections "on behalf of the third parties," which is a complete mischaracterization of the Tatung Defendants' motions. The Tatung Defendants have never claimed to raise objections *on behalf of third parties*; the Tatung Defendants have only raised objections on *their own behalf*, in order to protect their confidential and trade secret information, as well as information entirely irrelevant to this case, from being disclosed to a competitor. As a party in the action whose confidential information is being sought by way of subpoenas issued to third parties, the Tatung Defendants clearly have standing to file motions for protective order. *See, e.g.*, Fed. R. Civ. Proc. 26(c);

REPLY TO LPL'S OPPOSITION TO THE
TATUNG DEFENDANTS' MOTION FOR
PROTECTIVE ORDER
NO. C07-0398 – Page 3

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

**E.    LPL Should Not Be Allowed To Embark On A Fishing Expedition.**

The parties have been proceeding with discovery regarding the accused products. The Special Master has already stated his intention to bar discovery regarding unaccused products. LPL should not be permitted to circumvent the Special Master's ruling by obtaining from the Tatung Defendants' customers the very information it could not get in the Main Case. While LPL attempts to mislead the Court by suggesting that its subpoena only seeks information "related to purchase and sale of the infringing products in the United States," its subpoena in fact seeks confidential technical information, negotiations, correspondence, agreements and pricing information regarding every "visual display product" sold or offered for sale by the Tatung Defendants. As such, the subpoena improperly seeks to delve into the confidential business relationships between the Tatung Defendants and their customers which have absolutely nothing to do with this case. LPL should not be permitted to embark on a fishing expedition that serves no legitimate purpose and is calculated merely to harass the Tatung Defendants' customers. *See Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327-28 (Fed. Cir. 1990); *Joy Technologies, Inc. v. Flakt, Inc.*, 772 F. Supp. 842 (D. Del. 1991).[5]

//

//

---

*Portland Gen. Elec. Co. v. U.S. Bank Trust Nat'l Assoc.*, 38 F. Supp. 2d 1202, 1206 n. 3 (D. Or. 1999), *rev'd on other grounds*, 218 F.3d 1085 (9th Cir. 2000); *see also, In re Ashworth, Inc. Securities Litigation*, 2002 WL 33009225 at * 1 (S.D. Cal. 2002); *Springbrook Lenders v. Northwestern Nat'l Ins. Co.*, 121 F.R.D. 679, 680 (N.D. Cal. 1988).

[5] LPL mistakenly claims that the broad categories of information it seeks are relevant to the issue of inducement. However, there can be no indirect infringement (or inducement) without direct infringement. "In order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement, . . . and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Minnesota Mining and Manufacturing Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304 (Fed. Cir. 2002). In other words, in order for there to be indirect infringement, there must be direct infringement *and an infringing product*. The cases cited in LPL's opposition do not hold to the contrary. Here, there is no allegation of direct infringement with respect to the hundreds of products for which LPL seeks information from the Tatung Defendants' customers.

REPLY TO LPL'S OPPOSITION TO THE
TATUNG DEFENDANTS' MOTION FOR
PROTECTIVE ORDER
NO. C07-0398 – Page 4

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1. **The Tatung Defendants Have Not Improperly Impeded Third Party Discovery.**

The Tatung Defendants' motion does not seek to bar all third party discovery; rather, it only seeks to limit third party discovery to the products that have been expressly accused by LPL of infringing the Patents-in-Suit. This approach is entirely consistent with the Special Master's views regarding discovery.

Moreover, Rule 26(c) clearly affords a party the right to file a motion for protective order. That the Tatung Defendants availed themselves of this procedural right does not in any way serve as evidence of improper conduct. Indeed, the Special Master suggested at the March 16 hearing that it was *not* improper for the Tatung Defendants to inform their customers of the pending motions for protective order. (Rough Transcript at 12 at Exh. A.) In many instances, the customers themselves have objected to LPL's subpoenas or filed motions to quash in their respective districts. (Declaration of Donald Fischbach at Exh. D, stating that counsel for LPL never informed customer Pelco that there was an issue pending before the Special Master as to whether information relating to unaccused products was discoverable.)

2. **Any Delay Asserted By LPL Is Self-Inflicted.**

Earlier this year, the Special Master on multiple occasions denied LPL's motion to extend the third party discovery cutoff. LPL nevertheless waited until mid to late February 2007 to issue a series of 23 subpoenas out of 15 different districts to the Tatung Defendants' customers. It could have issued these subpoenas in January or early February 2007, but it did not do so, presumably because it was hoping to obtain an extension of the discovery deadline.

Moreover, contrary to LPL's suggestion that it did not know the Tatung Defendants would be filing motions for protective order until *March 5, 2007*, the Tatung Defendants in fact asked for a meet and confer on *February 27, 2006* regarding LPL's subpoenas and the anticipated motions for protective order. In an obvious attempt to "run down the clock,"

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1   LPL's counsel responded that they were not available for a meet and confer until March 5,

2   2007, the return date on the subpoenas for the production of documents. LPL sought to

3   further delay the filing of the motions by asking the Tatung Defendants to provide relevant

4   case law and suggesting that it may be willing to narrow the scope of the subpoenas. After

5   the Tatung Defendants provided their case law, LPL finally indicated on March 6 - a full

6   week after LPL was first alerted that motions for protective order may be filed - that it was

7   unwilling to narrow or modify any of the subpoenas. (February 27, 2007 Letter from

8   Valerie Ho to Cormac Connor at Exh. E and Emails between Valerie Ho and Cormac

9   Connor at Exh. F.)[6]  In short, any supposed delay associated with third party discovery was

10  caused solely by LPL, and not the Tatung Defendants.

11        And finally, LPL's complaints regarding the Tatung Defendants' document

12  productions are both baseless and irrelevant for purposes of this motion. To set the record

13  straight, the Tatung Defendants in fact have fully complied with their discovery obligations.

14  (Letter at Exh. G.

15                          **III.    CONCLUSION**

16        The Tatung Defendants respectfully request that this Court either grant their motion

17  for protective order limiting the scope of discovery sought from their customers to the

18  accused products, or transfer this motion to the District of Delaware.

19        DATED:  March 19, 2007.          **YARMUTH WILSDON CALFO PLLC**

20                                         By: _Stacie Foster_ _____
                                           Stacie Foster, WSBA #23397
21                                         The IDX Tower
                                           925 Fourth Avenue, Suite 2500
22                                         Seattle, WA  98104
                                           Phone: (206) 516-3800
23                                         Fax:    (206) 516-3888

24  _____

25  [6] Because the depositions were noticed for mid to late March, the Tatung Defendants indicated that they may
    not have sufficient time to file regularly noticed motions under the local rules of the various districts, and

26  informed LPL that they may have to seek expedited relief. The Tatung Defendants stated that they would
    provide, and in fact have provided, notice of these motions to LPL. The Tatung Defendants filed their first
    motions on March 9, 2007 - three days after LPL indicated that it was unwilling to modify the subpoenas.

REPLY TO LPL'S OPPOSITION TO THE
TATUNG DEFENDANTS' MOTION FOR
PROTECTIVE ORDER
NO. C07-0398 – Page 6
471.01 hc194801 3/19/07

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

1

2          *Of Counsel:*

3          **GREENBERG TRAURIG LLP**

4          Frank E. Meredith, Jr.
           Valerie W. Ho
           Mark H. Krietzman
5          Steve P. Hassid
           2450 Colorado Avenue, Suite 400E
6          Santa Monica, CA 90404

7          **RICHARDS LAYTON & FINGER, PA**

8          Frederick L. Cottrell, III
           Anne Shea Gaza
9          One Rodney Square
           P.O. Box 551
10         Wilmington, DE 19899

11         Attorneys for Defendant Tatung Company and
           Tatung Company of America

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPLY TO LPL'S OPPOSITION TO THE
TATUNG DEFENDANTS' MOTION FOR
PROTECTIVE ORDER
NO. C07-0398 – Page 7